[Civ. No. 7940. First Appellate District, Division One.—March 29, 1932.]

M. B. MOORE, Appellant, v. UNITED STATES FIDELITY AND GUARANTY COMPANY (a Corporation) et al., Respondents.

Kilpatrick & Goodman for Appellant.

Myron Harris, Horace W. B. Smith and John Jewett Earle for Respondents.

THE COURT.—This is an action to recover damages alleged to have resulted from a libel. The trial was commenced before a jury. Upon the calling of the first witness, defendants interposed an objection to the taking of any evidence, upon the ground that the complaint did not state a cause of action and that said complaint on its face disclosed the cause of action to have been barred by the statute of limitations. The judge presiding, having announced his intention of ruling in favor of defendants, it was then agreed that the jury should be dismissed and thereafter the matter was submitted to the court. Judgment was thereupon ordered in favor of defendants.

The appeal presents the question noted and at the outset it becomes necessary to detail the cause of action alleged. At the outset, however, specific mention must be made of the fact that the complaint here being considered and referred to is the second amended complaint. This is the only complaint before us and the only complaint contained in the clerk's transcript. We assume, from the term "second amended", that other complaints had been filed and the reporter's transcript containing the arguments made in the trial court seems to take it for granted that such prior complaints had been filed. When any reference is made herein to the complaint, it means the second amended complaint.

The complaint alleges that on or about February 15, 1928, the defendant United States Fidelity and Guaranty Company brought a civil action against Moore in the Superior Court of the State of California, in and for Alameda County. Inasmuch as repeated use of the name of the corporation will be had, we will hereinafter use the term Fidelity Company to designate said corporation. The first step in the action of the Fidelity Company was the filing of a complaint. This complaint contained matter which appellant alleges was and is libelous. It is not necessary that these alleged libelous statements be here repeated. Thereafter on the twelfth day of March, 1928, in a proceeding before the court wherein certain injunctive relief was sought as ancil-

lary to the action of the Fidelity Company against Moore, the said company by and through its agents and attorneys did publish again the said defamatory and libelous statements. While, as stated, the record before us is incomplete in respect to any showing of the time when the present action was commenced, there is sufficient from the transcript of proceedings from which it may be conceded by all sides that the first complaint herein was filed on February 26, 1929. There is no question that any cause of action for libel accruing more than one year prior to the commencement of the action is barred by limitations. (Code Civ. Proc., sec. 340, subd. 3.) Little controversy would present itself if the cause of action here admittedly rested solely upon the filing of the complaint containing the alleged libelous statements. But, argues appellant, the publication of these charges upon March 12, 1928, constituted a new ground of action entirely separate from the filing of the complaint. At this point the record fails. All that our record discloses is that this second amended complaint was filed on September 29, 1930. If we adopt appellant's theory that the publication alleged as of March 12, 1928, created a new cause of action, then the statute cited would operate as a bar against the same if the action were instituted in September of 1930, being almost one and one-half years after the cause of action accrued. Appellant is in a position from which he cannot escape the force of the claim of statutory bar. Every presumption is in favor of the judgment and error is not presumed.

Nothing before us indicates the contents of the original complaint. If the original complaint set forth the publication of March 12, 1928, there might be ground for appellant's claim that the said publication was a new and separate libel, distinct from the filing of the complaint by the Fidelity Company. This, however, it is unnecessary to decide. But if appellant's theory be adopted here, to the effect that the later publication by reading in open court was the basis of a new cause of action, then the statute of limitations would not have been tolled by the commencement of an action based entirely upon the original filing by the Fidelity Company. If a cause of action stated in an amended complaint is new and totally different from that stated in the original complaint, the action is deemed to

have been commenced, so far as the new cause of action is concerned, at the time of the amendment. (16 Cal. Jur. 547; *Bowman* v. *Wohlke,* 166 Cal. 121 [Ann. Cas. 1915B, 1011, 135 Pac. 37]; *Merchants Nat. Bank.* v. *Bentel,* 166 Cal. 473 [137 Pac. 25].)

With this undisputed rule in mind we must compare the original complaint with the second amended complaint to make application of this doctrine. But we have no original complaint before us. We then revert to a rule of equal, force. ■ An appellate court will never indulge in presumptions to defeat a judgment. On the contrary, every intendment and presumption not contradicted by or inconsistent with the record on appeal must be indulged in favor of the orders and judgments of superior courts. (2 Cal. Jur. 852–854.) Applying these rules together in order to reverse the judgment of the court below it would be most necessary that we conclude that a libel of March 12, 1928, alleged in an amended complaint filed on September 29, 1930, was not barred for the reason that the original complaint counted upon the same libel. To reach this conclusion we would have to presume the contents of the original complaint. In *Dahlberg* v. *Dahlberg,* 202 Cal. 295, at page 297 [260 Pac. 290, 291], it is said: "All presumptions . . . are in favor of the regularity of the judgment and proceedings upon which it is based, hence it devolves upon an appellant to affirmatively show the existence of the error upon which he asks for a reversal."

It may be noted that the brief of respondent was filed herein on June 23, 1931, and these points were extensively argued therein. Appellant on July 29, 1931, filed his reply brief and on August 24, 1931, the cause was submitted, and resubmitted in November. During all this time appellant must have been fully aware of the contention made and yet did not see fit to bring up any of the original pleadings either by a suggestion or motion for diminution of the record or otherwise.

■ Before finally passing upon the question, however, we may note a contention of appellant anent the running of the statute in cases of this character. Citing Corpus Juris, volume 37, at page 17, appellant argues that "a cause of action for libel or slander founded on publications made in the course of judicial proceedings does not accrue until

the final determination of the proceedings in which the publication is made". For the purposes hereof we may concede this to be the true rule, and we expressly note that such concession is made purely for the purposes of argument and illustration. The complaint before us shows that the action or judicial proceeding in the course of which the claimed libel occurred was completed on January 10, 1929; that is to say, that on that date the trial court rendered its judgment. In the absence of appeal, and it is not shown that there was an appeal, this judgment became final more than one year prior to September 29, 1930, the date of the filing of the amended complaint before us. Appellant, to obtain comfort from this rule, must rely then upon the allegations of the original complaint, which, to repeat, is not before us. Lastly on this subject, appellant urges the law's disfavor of pleas of limitation. Contrary to this contention, pleas of limitation present substantial defense and are favored in the law. Citation to this point is needless.

The second ground of the trial court's judgment was that the publication was privileged. Section 47 of the Civil Code reads: "A privileged publication is one made . . . in any . . . judicial proceeding. . . . " Appellant concedes this, but argues that the privilege thus given has been limited by decision to the end that the privilege is not absolute but conditional, and extends only to matters which are relevant and material to the issues. Section 47 of the Civil Code originally read: "A privileged publication is one made . . . in testifying as a witness in any proceeding authorized by law to a matter pertinent and material, or in reply to a question allowed by the tribunal." Prior to the amendment it was held that to claim privilege it must appear that the statements complained of were material and pertinent to the facts in controversy. (*Wyatt* v. *Buell*, 47 Cal. 624.) It is interesting, therefore, to note the scope of the amendment. As amended, the section reads as quoted with a proviso. Without detailing the latter it will suffice to say that the present case does not come within the proviso. Therefore, as far as the legislature could enact, the privilege was made absolute, limited only by the proviso. As a recognized rule of construction, a limitation serves to strengthen a statute and to embrace definitely all things not excluded thereby. Therefore, when the statute states that a privi-

leged publication is one made in the course of a judicial proceeding, with the proviso, however, that an allegation or averment in a divorce action presented under section 137 of the Civil Code, made or concerning one by or against whom no affirmative relief is sought, shall not be a privileged publication unless such allegation or averment be material and pertinent to the issues in such action, it fully discloses the intent of the legislature. It discloses that a privilege is given in judicial proceedings with the thought of materiality and pertinency to the issues in mind and that this requirement of materiality and pertinency is limited to a special character of action. Obviously, if it had been the legislative intent to extend only a conditional privilege in all cases the proviso would be meaningless and needless. And if the legislature had in mind the prior decisions limiting privilege, it is manifest that its intent was to bound the limitation.

The privilege given under the section as amended is declared to be absolute in *Ball* v. *Rawles,* 93 Cal. 222, at page 236 [27 Am. St. Rep. 174, 28 Pac. 937]. Many decisions, ancient and modern, announce the rule to be that such a privilege is conditional upon the relevancy rule. However, in analyzing these decisions, we find them to announce the rule independent of statute. In the absence of a statute, courts may define and limit the general rules, but we have no independent law-making power. Our Supreme Court in *Gosewisch* v. *Doran,* 161 Cal. 511 [Ann. Cas. 1913D, 442, 119 Pac. 656], discusses this subject, but under the facts of that case it was held that the alleged libelous statements were relevant and pertinent to the issues. This language was used in the case: "But if, *notwithstanding the provision of our code,* . . . we take the view that the privilege is not absolute, the only limitation upon it is that defamatory matter must be pertinent and material to the cause or subject of inquiry before the court." (Italics ours.) The word "notwithstanding" has its significance and its use indicates an admission. Yet, in the cited case the doctrine was not definitely announced for the reason that it was not necessary to the decision. Our conclusion is that the wording of the statute makes the privilege absolute.

We may add that, regardless of the absolute or conditional nature of the privilege, the defamatory matter here

complained of was material and pertinent to the issues involved. There is no hard-and-fast rule whereby we may absolutely determine materiality—it is always an open and debatable question addressed to the particular tribunal determining the issues. A fact seemingly irrelevant may, by association with other facts, become of great importance and at times decisive of the questions presented.

The original action of the Fidelity Company against appellant sought equitable relief and the complaint, in many respects, served the purpose of an affidavit showing the equities as adding to the essential facts. The theory of privilege is that the avenues of justice be not barred and in the actual operation of the rule it would seem that the widest latitude should be allowed. There is nothing particularly harsh about the doctrine. At many stages of our procedure the rights of the individual must yield to the common good. Where one seeks the courts only to libel another, the greater wrong is perpetrated upon the sovereign and the power of the court is ample to prevent and punish such procedure. Inasmuch as the defamatory matter complained of is deemed libelous, we refrain from detailing the facts of the charge. Appellant is an attorney at law and in active practice. We can see no good to be accomplished by an analysis of the libel, other than perhaps to aggravate the situation. Those particularly concerned already know the record, and to others it would have no interest, nor would a recital add to the principles of law announced.

Judgment affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 28, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 26, 1932.