[Civ. No. 25647. Second Dist., Div. Two. May 2, 1962.]

GEORGE THON, Plaintiff and Appellant, v. THE CITY OF LOS ANGELES, Defendant and Respondent.

W. Verne Ahrens for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, Victor P. Spero, Division Chief, Deputy City Attorney, and John A. Daly, Deputy City Attorney, for Defendant and Respondent.

ASHBURN, J.—Plaintiff appeals from a judgment for defendant rendered upon sustaining a demurrer to his first amended complaint without leave to amend. The action avowedly rests upon the Public Liability Act (now found in Gov. Code, § 53051[1] and related sections) and complains of inadequacy of fire-fighting equipment of the city. The complaint alleges that plaintiff resides in San Fernando and that "a dangerous and defective condition of public property existed in the following particulars: (a) Defendant Municipality had procured, installed and maintained a fire hydrant across the street from plaintiff's residence and at least 320 feet away, (at the closest point) from plaintiff's barn or outbuildings and over 300 feet away from wooden buildings on the property of other residents in that immediate vicinity or neighborhood: (b) Defendant Municipality had procured with public funds for public use in the control, extinguishing and fighting of fires 300 feet of hose to be attached to said fire hydrant, well knowing that at least 350 feet of hose would be required in some instances in said Fire District using the above described Fire Hydrant, to perform properly the duties

---

[1]Gov. Code, § 53051: "A local agency is liable for injuries to persons and property resulting from the dangerous or defective condition of public property if the legislative body, board, or person authorized to remedy the condition: (a) Had knowledge or notice of the defective or dangerous condition. (b) For a reasonable time after acquiring knowledge or receiving notice, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition."

**188**

and accomplish the purposes for which the said hydrant and hose, were procured, installed and maintained: and (c) Defendant Municipality had procured and maintained for public use in said Fire District, certain fire-axes as necessary equipment well knowing that the failure or refusal to make said axes available for public use in connection with the above mentioned fire-fighting equipment would create a dangerous and defective condition in the said fire-fighting equipment as one whole unit, contrary to the statutory imposed duty.'' It is further alleged that: ''For more than six months prior to November 22nd, 1959, the board, officer or person having authority to remedy such dangerous and defective condition, had knowledge of such dangerous and defective condition, failed and neglected to remedy such condition or to take such action as might be necessary to protect the public against such dangerous or defective conditions.'' Also that a fire started on plaintiff's premises on November 22, 1959, over 320 feet away from the fire hydrant, the fire department was notified, the firemen arrived but ''they made no attempt to save certain valuable property belonging to plaintiff because the valves on the fire hydrant were defective, the fire hose was about 50 feet too short and the firemen had no axes to chop down a certain fence on plaintiff's premises.'' As a proximate result of these alleged ''defective and dangerous conditions'' plaintiff suffered property damage in the sum of $56,800. Verified claim for damages was made and rejected. Defendant interposed a general demurrer which resulted in the judgment under review.

It is to be noted that the alleged defects consist in installation of a hydrant across the street from plaintiff's residence at a distance of 320 feet from his barn and out-buildings, but the city procured only 300 feet of hose to be attached to said hydrant, well knowing that 350 feet would be required in some instances; that the city had certain fire axes as necessary equipment, knowing that the failure to make them available for public use would create a dangerous and defective condition. When the firemen arrived the valves on the hydrant were defective; the fire hose was 50 feet too short and the firemen had no axes to chop down a certain fence on plaintiff's premises. There is no allegation of prior knowledge of defective valves on the part of city officials, but as that presumably could have been cured by amendment of the complaint we will consider the matter as if it were properly alleged as an existing defect.

It is well settled general law that affording or operating fire equipment is a governmental function and as such cannot be made the basis of an action at the instance of a citizen due to nonperformance on the part of a public agency. (*Stang* v. *City of Mill Valley,* 38 Cal.2d 486, 489 [240 P.2d 980].)[2] Failure to provide a public street, fire apparatus, traffic signals, a traffic stop sign, or other public convenience or necessity, gives no rise to a cause of action (see *Perry* v. *City of Santa Monica,* 130 Cal.App.2d 370, 375 [279 P.2d 92]). The liability under section 53051, Government Code, is a negligence cause of action created by statute. (*Seybert* v. *County of Imperial,* 162 Cal.App.2d 209, 212 [327 P.2d 560].) In effect it is so held in *Stang* v. *City of Mill Valley, supra,* 38 Cal.2d 486, 490, which also rules that the Public Liability Act was not intended to impose upon a city liability for negligence in the governmental matter of fire fighting.

Though the complaint alleges that plaintiff's damage was proximately caused by the defects and dangerous conditions therein alleged, it is manifest as matter of law that none of them could be a proximate cause except the short hose. If the valves on the hydrant were working perfectly and if the firemen had an ample supply of axes with which to chop down plaintiff's fence there would remain an impossibility of controlling the fire because the hose was 50 feet too short to reach it. Plaintiff's complaint thus reduces itself to a claim of nonperformance of a duty of providing hose of sufficient length and no cause of action could arise out of this nonfeasance. (*Cf. Hoel* v. *City of Los Angeles,* 136 Cal.App. 2d 295, 303 [288 P.2d 989].)

Appellant's argument that the court abused its discretion in denying leave to amend cannot prevail, for it is obvious that he could not improve his allegations without an averment which would give the hose ample length and shift the proximate cause to some other ''defect'' such as nonfunctioning

---

[2]The effect of *Muskopf* v. *Corning Hospital Dist.,* 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], which holds that the rule of governmental immunity from tort liability must be discarded as mistaken and unjust, has been suspended by the Legislature until the 91st day after the final adjournment of the 1963 regular session of the Legislature. (Stats. 1961, ch. 1404, p. 3209.) Moreover, that decision does not affect a case arising under the Public Liability Act (see *Kotronakis* v. *City & County of San Francisco,* 192 Cal.App.2d 624, 631 [13 Cal.Rptr. 709]; *Ngim* v. *City & County of San Francisco,* 193 Cal.App.2d 138, 144-145 [13 Cal.Rptr. 849]; *Akers* v. *City of Palo Alto,* 194 Cal.App.2d 109, 122-123 [14 Cal.Rptr. 767]).

of the valves in a hose of sufficient length.　　It seems that he could not do this without stultifying himself and violating the rule stated in *Wennerholm* v. *Stanford University Sch. of Med.*, 20 Cal.2d 713, 716 [128 P.2d 522, 141 A.L.R. 1358] : "If any verified pleading contains an allegation which renders a complaint vulnerable, the defect cannot be cured simply by omitting the allegation, without explanation, in a later pleading." (See also *Hardy* v. *Admiral Oil Co.*, 56 Cal. 2d 836, 840 [16 Cal.Rptr. 894, 366 P.2d 310].)

Counsel suggests no mistake in the 300-foot allegation, nor does he indicate any other way in which the complaint could be improved to such an extent as to state a cause of action.　　*Schultz* v. *Steinberg*, 182 Cal.App.2d 134, 140 [5 Cal. Rptr. 890] : "While abuse of discretion in sustaining a demurrer without leave to amend is reviewable on appeal even in the absence of a request for leave to amend [citations] nevertheless, the burden of showing such abuse rests upon the appellant and a reviewing court should reverse only where there is manifest an abuse of discretion in refusing leave to amend. [Citations.]　　Abuse of discretion is not shown where it is not indicated as to the manner in which it is proposed to amend nor the nature of the proposed amendment. [Citations.] Neither before the trial court nor before this court has plaintiff indicated the nature of a proposed amendment or the manner in which he would amend his complaint. Plaintiff has therefore failed to establish reversible error in the dismissal of the action as to defendant Salomon." (See also *Broadway Fed. etc. Loan Assn.* v. *Howard*, 133 Cal. App.2d 382, 401 [285 P.2d 61].) We find no abuse of discretion in denying leave to amend in this instance.

Judgment affirmed.

Fox, P. J., and Herndon, J., concurred.