[Civ. No. 11361.   Third Dist.   Apr. 21, 1967.]

KENNETH RUTHERFORD, Plaintiff and Appellant, v. JAMES CLIFFORD JOHNSON, Defendant and Respondent.

Watt & Peckham and Jordan N. Peckham for Plaintiff and Appellant.

Thomas Stuart Ferguson for Defendant and Respondent.

PIERCE, P. J.—A demurrer was sustained without leave to amend to plaintiff's complaint against defendant. Ground of demurrer was that the complaint showed on its face that the action was barred by the statute of limitations. The appeal is from the judgment following the court order mentioned. We will affirm the judgment.

The complaint alleged, in the part here material, that on August 22, 1963, in a divorce action in which defendant was the defendant-husband he had filed an affidavit. The affidavit alleged that his ex-wife, who by the interlocutory decree in the divorce action had been awarded child custody, was not a fit and proper person to have such custody because of a meretricious relationship between her and the plaintiff in this action carried on in a manner deleteriously to affect the children. These statements, the complaint in the action before us alleges, were false and untrue and known by defendant to have been made upon an insufficient basis. Further underhanded behavior by defendant was alleged; that the latter knew ''the local newspaper in Marysville and Yuba City made a custom and practice of printing excerpts from court documents such as the affidavit referred to'' and that was the sole or principal purpose of defendant in filing the affidavit. It is not alleged that any portion of the affidavit was so publicized but defendant informs us now that it was and we will assume that fact for the purposes of this discussion. It

is further alleged that plaintiff's reputation was hurt and that he lost his job as a result thereof. It is also alleged that defendant was guilty of "fraud, malice, and oppression." Both compensatory and punitive damages are sought.

The demurrer was upon the sole ground that the action which was filed June 11, 1965, was barred by the provisions of Code of Civil Procedure section 340. This section, *inter alia*, expressly covers (in subd. 3 thereof) actions for libel and slander and the period of limitations stated therein is one year. (See *Moore* v. *United States Fid. & Guar. Co.*, 122 Cal.App. 205 [9 P.2d 562].[1])

Although the court, in sustaining the demurrer, stated no ground for its action (see Code Civ. Proc., § 472d), that is not necessary when the complaint shows on its face it is barred by limitations and when that is the only ground of demurrer. (*Schuetram* v. *Granada Sanitary Dist.* (1964) 229 Cal.App.2d 25, 31 [39 Cal.Rptr. 919].)

Plaintiff's theory is that this is not, and cannot be, legally an action for libel because, even though the affidavit was libelous in nature and made with malice, it was made in a judicial proceeding and was therefore absolutely privileged. He argues it is nevertheless valid as an action for malicious prosecution.

Plaintiff's assumption is wrong. A malicious "allegation or averment contained in any pleading or affidavit filed in an action for divorce . . . made of or concerning a person by or against whom no affirmative relief is prayed in such

---

[1]It is stated in the *Moore* case (on p. 210) that it may be assumed "purely for the purposes of argument" that a cause of action for libel arising in a judicial proceeding does not accrue until the proceeding in which it is uttered terminates. Plaintiff does not contend here such is the California rule. His argument tacitly concedes that if this is only an action for libel it is barred. (Possibly the concession is made because, although it does not appear on the face of the complaint, the proceedings in which the alleged statements of defendant occurred terminated more than one year before this action was brought.) In any event, the statement in the *Moore* case referred to is contrary to well-settled principles. A cause of action ordinarily arises when the wrongful act is committed, i.e., when a suit may be brought (1 Witkin, Cal. Procedure (1954) Actions, § 112, p. 614, and cases there cited.) It is well settled that a cause of action for libel accrues when the libel is uttered and it is uttered but once, to wit, when it is published. (*Belli* v. *Roberts Brothers Furs*, 240 Cal.App.2d 284, 289 [49 Cal.Rptr. 625]; *Campbell* v. *Jewish Committee for Personal Service*, 125 Cal.App.2d 771, 774 [271 P.2d 185].) The wrong alleged here would arise when defendant filed an allegedly defamatory affidavit which a newspaper might publish and thus disseminate the defamation. It did not depend upon who ultimately obtained custody of the children of the parties to the divorce action. The rule that the statute of limitations in an action *for wrongful prosecution* does not commence to run until the action terminates in plaintiff's favor is not an exception to that rule. It is in furtherance of it. (See discussion hereinafter.)

action shall not be a privileged publication . . . as to the person making said allegation or averment.'' (Civ. Code, § 47, subd. 2.) Plaintiff was not a person against whom affirmative relief was sought. The allegation, therefore, was not privileged as to defendant, and the action, if timely filed, would have been a legal action for defamation. It, however, was filed too late and is barred by limitations. Plaintiff seeks to revive it by giving it a new name.[2]

*Albertson* v. *Raboff*, 46 Cal.2d 375 [295 P.2d 405], cited by plaintiff, does not support his position. That case did hold that although the filing of a lis pendens in an action to declare a lien upon property is as privileged as are the pleadings themselves in a judicial proceeding and are therefore not sufficient as the basis of an action for defamation may still be an element in an action for malicious prosecution, and if all of the other elements of such an action are present (as they were in *Albertson*) an action for malicious prosecution is stated. That, of course, is not this case. An action for defamation does not become an action for malicious prosecution merely because by treating it as the former it is barred by limitations. Moreover, the same one year statute of limitations (Code Civ. Proc., § 340, subd. 3) applies to actions for malicious prosecution as applies to actions for defamation. (*Oppenheimer* v. *Tamblyn*, 162 Cal.App.2d 293, 297 [327 P.2d 574].) True, the cause of action for malicious prosecution does not accrue until the action being prosecuted terminates in plaintiff's favor but plaintiff here has not even attempted to state a cause of action alleging the elements of an action in malicious prosecution. And, as regards the termination date of the judicial proceedings, makes no pretension it was less than one year before this action was brought. (His mistaken contention is that the two-year statute applies.)

The elements of a cause of action for malicious prosecution are: (1) the instigation of a judicial proceeding by defendant *against plaintiff* without probable cause—and with malice; (2) except where brought ex parte, the termination of the proceeding in plaintiff's favor; and (3) plaintiff's dam-

---

[2] ' 'This but thy name that is my enemy;—
Thou art thyself though, not a Montague,
What's Montague? it is nor hand, nor foot,
Nor arm, nor face, nor any other part
Belonging to a man. O, be some other name!
That which we call the rose
By any other name would smell as sweet;''
(Romeo and Juliet, Act II.)

age. (*Oppenheimer* v. *Tamblyn* (1959) 167 Cal.App.2d 158, 160 [334 P.2d 152]; Prosser on Torts (3d ed.) § 113, pp. 852-853; Rest., Torts, §§ 674, 677.) ▮ Only two of those elements have been alleged by plaintiff here: malice and damage. He has neither alleged proceedings brought by defendant against plaintiff nor their termination in plaintiff's favor. If he *could* have done so that was his burden. Absent such a showing, no cause of action is stated. (*Filice* v. *Boccardo,* 210 Cal.App.2d 843, 847 [26 Cal.Rptr. 789].) He having failed to do so the action of the trial court was proper. (*Thon* v. *City of Los Angeles,* 203 Cal.App.2d 186, 190 [21 Cal.Rptr. 398].) But more conclusive is the fact that the complaint shows on its face that no such allegations were possible. Plaintiff was not a party to the child custody proceedings. It was a controversy solely between defendant and his wife. Therefore, it appears affirmatively both (1) that there was no action by defendant against plaintiff and (2) it could not have terminated in plaintiff's favor. Thus, two elements of an action for wrongful prosecution are lacking.

The judgment is affirmed.

Friedman, J., and Regan, J., concurred.