[Civ. No. 47519. Second Dist., Div. Four. May 19, 1976.]

NORMAN WIENER et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
HARRY SCHOLER et al., Real Parties in Interest.

**COUNSEL**

Stanley Feldsott and Martin L. Lee for Petitioners.

No appearance for Respondent.

McCutchen, Black, Verleger & Shea, Howard J. Privett, Steven W. Weston and Thomas L. Powell for Real Parties in Interest.

**OPINION**

**FILES, P. J.**—The question to be decided is whether a notice of motion for leave to amend a complaint, accompanied by a proposed pleading of a second and distinct cause of action not previously pleaded, stops the running of the statute of limitations as to the cause pleaded for the first time in the amendment. We have concluded that under the facts of this case the action on the second cause was "commenced" when the notice of motion was filed, thereby stopping the running of the statute.

On February 6, 1975, petitioners (hereinafter plaintiffs) filed in the superior court a complaint charging that, on or about April 23, 1974, defendants had caused a libelous statement to be published in the Los Angeles Times. Defendants filed an answer March 14, 1975, denying the allegations of the complaint generally.

On April 24, 1975, the plaintiffs filed in the superior court a notice of motion for leave to amend the complaint. The notice was accompanied by a copy of a "proposed first amended complaint for libel, slander and invasion of privacy." This document restated the allegations of the original complaint regarding the April 23 statement, and added that on April 25, 1974, defendants had made another allegedly defamatory statement and had caused it to be published in the Huntington Beach Independent.

On May 19, 1975, the motion was heard and granted. The minute order of the superior court states: "Motion granted; proposed first amended complaint is deemed filed this date . . . ."

Subsequently a demurrer to the first amended complaint was sustained with leave to amend. Plaintiffs then filed a second amended complaint in nine counts. The first three counts were based upon the April 23 statement. Counts four, five and six were based upon the April 25 statement. Counts seven, eight and nine were similar to four, five and six, with the additional allegation that defendants had been absent from the state of California for 60 days between April 25, 1974, and April 24, 1975.

Defendants demurred to counts four, five and six solely upon the ground each was barred by the one-year statute of limitations in Code of Civil Procedure, section 340, subdivision 3. On October 2, 1975, that demurrer was sustained without leave to amend. At the same time the superior court granted defendants' motion for summary adjudication of counts seven, eight and nine against plaintiffs, upon the ground that no triable issue of fact existed with respect to the allegation that defendants had been physically absent from California for 60 days during the critical year.

Neither the October 2, 1975, minute order of the superior court nor the signed order which followed was appealable because the court had not disposed of all of the issues between the parties affected. (See *Bank of America* v. *Superior Court* (1942) 20 Cal.2d 697, 701 [128 P.2d 357].) Plaintiffs therefore petitioned this court for a writ of mandate to set aside that ruling.

■ We are unable to agree with plaintiffs' theory that their amendment relates back to the time the original complaint was filed under the reasoning of such cases as *Wennerholm* v. *Stanford Univ. Sch. of Med.* (1942) 20 Cal.2d 713, 718 [128 P.2d 522, 141 A.L.R. 1358]; *Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 600 [15 Cal.Rptr. 817, 364 P.2d 681], and *Grudt* v. *City of Los Angeles* (1970) 2 Cal.3d 575, 583 [86 Cal.Rptr. 465, 468 P.2d 825]. That line of cases involves amendments based upon the same general set of facts contained in the initial complaint.

The amendment tendered by plaintiff here was more than a restatement, revision, amplification or correction of the allegations of the

original complaint, or a change of legal theory. It is essential to distinguish between a new cause of action arising out of "the same general set of facts" and a new cause arising out of different facts. (See *McAllister* v. *Metzger* (1963) 220 Cal.App.2d 692, 699, fn. 4 [33 Cal.Rptr. 879].) The allegations concerning the publication of April 25, 1974, describe a different utterance, alleged to have a different defamatory meaning and made at a different time, for publication in a different newspaper. As set out in these pleadings, the April 25 events were a distinct set of facts. Thus the statute of limitations runs separately with respect to each. (See *Moore* v. *United States F. & G. Co.* (1932) 122 Cal.App. 205, 207-209 [9 P.2d 562].)

■ The applicable statute of limitations is prescribed in Code of Civil Procedure, sections 335 and 340 as follows:

"§ 335. Periods of Limitation prescribed. The periods prescribed for the commencement of actions other than for the recovery of real property are as follows:

". . . . . . . . . . . . . . . . .

"§ 340. Within one year:

". . . . . . . . . . . . . . . . .

"3 An action for libel, slander . . . . . . . . . . . . ."

'his same statute has been held applicable to claims for invasion of privacy. (See *Johnson* v. *Harcourt, Brace, Jovanovich, Inc.* (1974) 43 Cal.App.3d 880, 895 [118 Cal.Rptr. 370].)

■ The one year period runs from the utterance or publication of the defamatory matter. (See *Oberkotter* v. *Woolman* (1921) 187 Cal. 500, 504 [202 P. 669]; *Rutherford* v. *Johnson* (1967) 250 Cal.App.2d 316, 318, fn. 1 [58 Cal.Rptr. 546]; *Belli* v. *Roberts Brothers Furs* (1966) 240 Cal.App.2d 284 [49 Cal.Rptr. 625].)

Code of Civil Procedure section 350 provides: "An action is commenced, within the meaning of this Title, when the complaint is filed."

·■ In the case at bench the text of the proposed first amended complaint, including the allegation of the April 25, 1974, publication,

was filed by the clerk of the superior court on April 24, 1975, as a part of the notice of motion for leave to amend. In that literal sense, plaintiffs met the requirement that the complaint be filed within one year. We have found no cases considering whether such a filing meets the requirement of section 350. There are several reasons why that filing should be held sufficient to come within the statute:

■ First: If plaintiffs had filed their proposed "first amended complaint" as a new action on April 24, 1975, no statute of limitations issue would have arisen. Had they done so, efficient judicial administration would probably have dictated a consolidation of the new case with the pending action. No good purpose is served by encouraging the filing of a separate action when an amendment to an existing action will suffice.

■ Second: A plaintiff has no control over the date when the trial court will act upon a motion for leave to amend. Even in a metropolitan court which hears motions every day, the court might, for reasons beyond the plaintiff's control, postpone the hearing beyond the date selected by plaintiff or take the motion under submission for later disposition. Thus, a plaintiff, seeking leave to amend an existing action to set forth a distinct but related claim, may not know within broad limits when the ruling will come down. If the date the motion is granted is to be the critical date, a careful lawyer must opt for the new-action-plus-consolidation procedure. From the viewpoint of what is a just and efficient system of procedure, it is difficult to condone a statute of limitations governed by the date on which a judge finds time to hear and decide a motion.

■ Third: The filing as a part of the notice of motion for leave to amend accomplishes the function of notice no less than the filing of a new complaint.

■ Defendants correctly point out that a statute of limitations is not overcome simply by giving written notice of their claim within the statutory period, citing, among other cases, *Nathanson* v. *Superior Court* (1974) 12 Cal.3d 355, 364-369 [115 Cal.Rptr. 783, 525 P.2d 687]. Our decision does not rest upon the fact that the notice of motion gave notice; it rests upon the filing of a complaint, which amounted to literal and functional compliance with the statute.

We recognize that an amendment or an amended pleading is commonly ordered "filed" when the court grants the motion for leave to amend, and that in some cases a new document is filed following the order granting the motion. These activities, which are important for the sake of a complete and convenient trial court record, do not militate against our decision that, under the facts of the case at bench, the action on the April 25, 1974, publication commenced when plaintiffs filed their proposed first amended complaint with their notice of motion for leave to amend.

The demurrers to the fourth, fifth and sixth causes of action of the second amended complaint should not have been sustained, since they were based solely upon the statute of limitations. Although the seventh, eighth and ninth causes of action are redundant, they are not barred by the statute of limitations, and hence the superior court's summary adjudication was improper.

Let a peremptory writ of mandate issue requiring the superior court to (1) vacate its minute order of October 2, 1975, and the signed order based thereon, and (2) overrule the demurrer to the fourth, fifth and sixth causes of action.

Kingsley, J., and Dunn, J., concurred.

The petition of the real parties in interest for a hearing by the Supreme Court was denied July 15, 1976.