43 Cal.App.4th 1200 (1996)
51 Cal. Rptr.2d 328
MARK TERRANCE BARTON, Plaintiff and Appellant,
v.
NEW UNITED MOTOR MANUFACTURING, INC., Defendant and Respondent.
Docket No. A071127.
Court of Appeals of California, First District, Division One.
March 26, 1996.
*1203 COUNSEL
Mark Terrance Barton, in pro. per., for Plaintiff and Appellant.
Steinhart & Falconer, Robert T. Fries and Tamara Mason-Williams for Defendant and Respondent.
OPINION
STRANKMAN, P.J.
We hold in this case that the statute of limitations for an action for wrongful discharge in violation of public policy is the one-year period provided by Code of Civil Procedure section 340, subdivision (3).

*1204 FACTUAL AND PROCEDURAL BACKGROUND
On October 5, 1994, plaintiff Mark Terrance Barton filed a complaint against defendant New United Motor Manufacturing, Inc., for breach of contract and an intentional tort, alleging wrongful termination. Defendant removed the action to federal court, on the ground plaintiff's claims were preempted by federal law because they could be resolved only by reference to the collective bargaining agreement between defendant and plaintiff's authorized bargaining representative. The federal district court dismissed with prejudice plaintiff's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and intentional interference with a contractual relationship and prospective economic advantage. It remanded the only remaining claim, wrongful discharge in violation of public policy, to the superior court.
Plaintiff filed an amended complaint in superior court, alleging with more specificity that he was terminated in violation of public policy. He alleged that before October 1992, he complained to management at defendant's factory about certain unsafe working conditions. Defendant did not correct those conditions and plaintiff continued to complain. On October 12, 1992, he was terminated, allegedly in retaliation for reporting the unsafe conditions.
Defendant filed a demurrer, on the ground the action was barred by the one-year statute of limitations set forth in Code of Civil Procedure section 340, subdivision (3) (hereafter section 340 (3)).[1] The trial court sustained the demurrer without leave to amend and dismissed the action. Plaintiff appeals, appearing, as he has throughout these proceedings, in propria persona.

DISCUSSION
(1) On appeal from a judgment or order of dismissal after the trial court has sustained a demurrer, this court must assume the truth of all properly pleaded material allegations of fact. (Lazar v. Superior Court (1996) 12 Cal.4th 631, 635 [49 Cal. Rptr.2d 377, 909 P.2d 981].) (2) Nevertheless, a trial court does not err in sustaining a demurrer without leave to amend where the complaint discloses on its face that the action is barred by the statute of limitations. (Basin Construction Corp. v. Department of Water & Power (1988) 199 Cal. App.3d 819, 823 [245 Cal. Rptr. 178]; 5 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 912, p. 349.)
*1205 (3) It is settled that an employer's discharge of an employee in violation of a fundamental public policy embodied in a constitutional or statutory provision gives rise to a tort action. (Turner v. Anheuser-Busch, Inc. (1994) 7 Cal.4th 1238, 1252 [32 Cal. Rptr.2d 223, 876 P.2d 1022]; Gantt v. Sentry Insurance (1992) 1 Cal.4th 1083, 1089-1090 [4 Cal. Rptr.2d 874, 824 P.2d 680] (Gantt); Foley v. Interactive Data Corp. (1988) 47 Cal.3d 654, 663 [254 Cal. Rptr. 211, 765 P.2d 373] (Foley); Tameny v. Atlantic Richfield Co. (1980) 27 Cal.3d 167, 178 [164 Cal. Rptr. 839, 610 P.2d 1330] (Tameny).) An employer who fires an employee in retaliation for protesting unsafe working conditions violates fundamental public policy, and the discharged employee may bring a tort action for wrongful discharge in addition to his or her statutory remedies. (Hentzel v. Singer Co. (1982) 138 Cal. App.3d 290, 300-304 [188 Cal. Rptr. 159, 35 A.L.R.4th 1015]; see Greene v. Hawaiian Dredging Co. (1945) 26 Cal.2d 245, 251 [157 P.2d 367]; Lab. Code, §§ 6310, subd. (a)(1), 6402.) The question in this case is not whether plaintiff has stated a cause of action, but whether his complaint was timely filed.
Some uncertainty exists as to what statute of limitations governs a wrongful termination action.[2] (See 3 Wilcox, Cal. Employment Law (1995) § 60.09[4], p. 60-107; Barlow et al., Advising Cal. Employers (Cont.Ed.Bar 1995 Supp.) § 1.73A, p. 93.) The one year provided by section 340 (3) was applied in Regents of University of California v. Superior Court (1995) 33 Cal. App.4th 1710 [39 Cal. Rptr.2d 919], but only because plaintiff conceded its applicability, and the court commented that the matter appeared to be an open question. (Id. at p. 1716 & fn. 5.)[3] The Ninth Circuit has stated in one case that California would apply a two-year statute to a wrongful discharge action (Daniels v. Fesco Division of Cities Service Company (9th Cir.1984) 733 F.2d. 622, 623), but in other cases, has concluded that section 340 (3) applies. (Funk v. Sperry Corp. (9th Cir.1988) 842 F.2d 1129, 1133 [citing as authority a state Court of Appeal case in which review had been granted, but which later was retransferred to that court for reconsideration]; Hinton v. Pacific Enterprises (9th Cir.1993) 5 F.3d 391, 394 [dicta].)
(4) Section 340 (3), establishes a one-year limitations period for an "action for ... injury to ... one caused by the wrongful act ... of *1206 another...." This statute encompasses not only bodily injury but also a broad range of infringements of "personal rights." (Rita M. v. Roman Catholic Archbishop (1986) 187 Cal. App.3d 1453, 1460 [232 Cal. Rptr. 685] [conspiracy resulting in infliction of emotional distress]; Gibbs v. Haight, Dickson, Brown & Bonesteel (1986) 183 Cal. App.3d 716, 719 [228 Cal. Rptr. 398] [malicious prosecution]; Murphy v. Allstate Ins. Co. (1978) 83 Cal. App.3d 38, 50 [147 Cal. Rptr. 565] [intentional infliction of emotional distress]; Rutherford v. Johnson (1967) 250 Cal. App.2d 316, 318 [58 Cal. Rptr. 546] [defamation]; see 3 Witkin, Cal. Procedure, supra, Actions, §§ 403-404, pp. 433-434.)
But not all tort actions are governed by that statute. Section 339, subdivision 1 (hereafter section 339 (1)) provides a two-year limitations period for "[a]n action upon a contract, obligation or liability not founded upon an instrument of writing...." This provision applies not only to actions for breach of oral or implied contracts and to quasi-contractual actions, but also to certain tort actions that do not come within the scope of other statutes of limitations. (Davies v. Krasna (1975) 14 Cal.3d 502, 509-510, fn. 6 [121 Cal. Rptr. 705, 535 P.2d 1161, 79 A.L.R.3d 807].) Courts often have been called upon to determine which of these two statutes governs in a particular tort action, and the rule that has emerged is that section 340 (3) applies to infringements of "personal rights" and section 339 (1), to "property rights."[4] Based on that distinction, courts have held that section 339 (1) governs tort actions alleging damage to business operations and business reputation from a wrongful levy of execution (Tu-Vu Drive-In Corp. v. Davies (1967) 66 Cal.2d 435, 436-437 [58 Cal. Rptr. 105, 426 P.2d 505]), damage to intangible property interests from professional negligence (Slavin v. Trout (1993) 18 Cal. App.4th 1536, 1539 [23 Cal. Rptr.2d 219]), spoliation of evidence (Augusta v. United Service Automobile Assn. (1993) 13 Cal. App.4th 4, 8 [16 Cal. Rptr.2d 400]), trade libel (Guess, Inc. v. Superior Court (1986) 176 Cal. App.3d 473, 479 [222 Cal. Rptr. 79]), insurance bad faith (Richardson v. Allstate Ins. Co. (1981) 117 Cal. App.3d 8, 12 [172 Cal. Rptr. 423]), inducement of a breach of contract (Trembath v. Digardi (1974) 43 Cal. App.3d 834, 836 [118 Cal. Rptr. 124]; Kiang v. Strycula (1965) 231 Cal. App.2d 809, *1207 811-812 [42 Cal. Rptr. 338]), and arbitrary restriction of physician's hospital privileges (Edwards v. Fresno Community Hosp. (1974) 38 Cal. App.3d 702, 705-706 [113 Cal. Rptr. 579, 3 A.L.R.4th 1209]).
(5a) Plaintiff contends that section 339 (1) should control in this case because he had a property right in his employment and his wrongful termination action concerns damage to that right, not a personal injury. (6) Although he did not suggest this theory to the trial court, it presents only a question of law and is therefore cognizable in this appeal. (Sanchez v. Truck Ins. Exchange (1994) 21 Cal. App.4th 1778, 1787 [26 Cal. Rptr.2d 812].)
(5b) The statute of limitations to be applied in a particular case is determined by the nature of the right sued upon or the principal purpose of the action, not by the form of the action or the relief requested. (Davies v. Krasna, supra, 14 Cal.3d at p. 515; Jefferson v. J.E. French Co. (1960) 54 Cal.2d 717, 718 [7 Cal. Rptr. 899, 355 P.2d 643].) What is significant for statute of limitations purposes is the primary interest invaded by defendant's wrongful conduct. (See Richardson v. Allstate Ins. Co., supra, 117 Cal. App.3d at pp. 11-13.)
As the present case demonstrates, this seemingly straightforward rule can be troublesome to apply when a cause of action appears to implicate both personal and property rights. In one such case, Edwards v. Fresno Community Hosp., supra, 38 Cal. App.3d 702, the court looked to the "essential character" of the action to determine the proper limitations period. The court held that the two-year statute was controlling in an action by a physician alleging wrongful curtailment of his hospital privileges, even though the term "hospital privileges" connoted personal activity and personal rights might have been involved incidentally in the exercise of those privileges. Relying on cases characterizing the right to pursue any lawful business or profession as a property right, the court reasoned that the right of a qualified physician to use hospital facilities to practice a particular specialty also is a property right. Because the essential nature or character of the physician's action involved economic injury to his professional career, the action was akin to an action for injury to a business and was governed by section 339 (1). (Edwards, supra, at pp. 705-706.)
The outcome in Edwards is not surprising, as the law concerning the nature of the right to pursue a particular profession or trade is *1208 well established.[5] Determining the primary right at stake in a cause of action for wrongful termination in violation of public policy is more problematic, given the unique and complex nature of that action. An employee's interest in his or her employment certainly is implicated in the action. However, the Supreme Court frequently has emphasized that the action arises not out of the terms and conditions of the employment contract, but out of a duty imposed in law on the employer to conduct its affairs in compliance with public policy. What is vindicated by the cause of action is the public interest in preventing employers from imposing as a condition of employment a requirement that an employee act contrary to fundamental public policy. (General Dynamics Corp. v. Superior Court (1994) 7 Cal.4th 1164, 1180 [32 Cal. Rptr.2d 1, 876 P.2d 487]; Foley, supra, 47 Cal.3d at p. 667 & fn. 7.) "[A]lthough the public policy served by the conduct of the aggrieved employee at issue may often be directly protective of the interest in employment itself, the doctrinal foundation of the public policy tort claim is not so much the plaintiff's continued interest in employment as the preservation of the public interest as it is expressed in multiple forms in the Constitution and statutory law." (General Dynamics Corp., supra, at p. 1181, original italics.)
An action for wrongful discharge in violation of public policy must be predicated on a policy that concerns society at large rather than the individual interests of the employer or employee. (Turner v. Anheuser-Busch, Inc., supra, 7 Cal.4th at p. 1256 & fn. 9; Hunter v. Up-Right, Inc. (1993) 6 Cal.4th 1174, 1186 [26 Cal. Rptr.2d 8, 864 P.2d 88]; Gantt, supra, 1 Cal.4th at pp. 1090, 1095-1096.) At the same time, the essential nature of the action is the protection of certain personal rights deemed to be of fundamental public importance, not the protection of property rights. For example, the wrongful termination action protects an employee's rights to refuse to participate in illegal behavior, perform a statutory obligation, exercise a statutory right or privilege, or report an alleged violation of a statute of public importance. *1209 (Gantt, supra, at pp. 1090-1091 and cases cited.) It also protects an employee's right to be free from sexual harassment in the workplace (see, e.g., Rojo v. Kliger (1990) 52 Cal.3d 65, 91 [276 Cal. Rptr. 130, 801 P.2d 373]) and from employment discrimination based on pregnancy (Badih v. Myers (1995) 36 Cal. App.4th 1289, 1292-1296 [43 Cal. Rptr.2d 229]) or sexual orientation (Leibert v. Transworld Systems, Inc. (1995) 32 Cal. App.4th 1693, 1707 [39 Cal. Rptr.2d 65]). These cases illustrate that the gravamen of the wrongful termination action is the violation of some personal right considered to be of fundamental public importance, protected or guaranteed either by statute or the Constitution, not the financial or economic loss from the termination of employment. Because the primary nature of the right sued upon in a Tameny wrongful termination action is personal, the trial court in this case correctly applied the one-year statute of limitations specified in section 340 (3).[6]
(7) Plaintiff also contends that even if the one-year statute applies, the trial court should not have sustained the demurrer without leave to amend because it did not have sufficient information to determine whether he was entitled to the benefit of the delayed discovery rule. Plaintiff does not explain how that rule might apply here, other than to say that not until October 1994, two years after being discharged, did he fully understand "the dimensions" of his wrongful termination.
Under some circumstances, the statute of limitations will not begin to run until the injured party discovers or should have discovered the facts supporting liability. Nevertheless, the infliction of actual and appreciable harm will commence the statutory period, even if there is uncertainty as to the amount of damages. (Davies v. Krasna, supra, 14 Cal.3d at p. 512; Miller v. Lakeside Village Condominium Assn. (1991) 1 Cal. App.4th 1611, 1622 [2 Cal. Rptr.2d 796]; 3 Witkin, Cal. Procedure, supra, Actions, § 358, pp. 386-387.) From plaintiff's own complaint and amended complaint, it is apparent that he *1210 suffered actual and appreciable harm when he was terminated in October 1992, and the delayed discovery rule is of no assistance to him.
(8) Plaintiff also objects to defendant's filing of a demurrer instead of an answer, which he argues was unfair to him as a party proceeding in propria persona. The argument appears to be based on a misunderstanding of the purpose of a demurrer. When a complaint shows on its face that an action is barred by the statute of limitations, the use of the demurrer to dispose of that action without additional trial court, attorney, or litigant time and effort is an efficient, appropriate, and well-accepted procedure. (Saliter v. Pierce Brothers Mortuaries (1978) 81 Cal. App.3d 292, 299-300, fn. 2 [146 Cal. Rptr. 271].) Plaintiff's status as a party appearing in propria persona does not provide any basis for attacking the demurrer procedure; such a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. (Williams v. Pacific Mutual Life Ins. Co. (1986) 186 Cal. App.3d 941, 944 [231 Cal. Rptr. 234].)

DISPOSITION
The judgment is affirmed.
Stein, J., and Swager, J., concurred.
Appellant's petition for review by the Supreme Court was denied June 12, 1996. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.
NOTES
[1] All subsequent statutory references are to the Code of Civil Procedure unless otherwise indicated.
[2] The Supreme Court soon may express its views on this issue. Whether the statute of limitations in a wrongful termination action begins to run upon actual discharge or upon notice of future termination is pending before that court in Romano v. Rockwell Internat., Inc. (1995) 48 Cal. App.4th 170 [46 Cal. Rptr.2d 77], review granted January 18, 1996 (S050290).
[3] See also Newfield v. Insurance Co. of the West (1984) 156 Cal. App.3d 440, 443 [203 Cal. Rptr. 9], disapproved on other grounds in Foley, supra, 47 Cal.3d at page 675, footnote 19 (without analysis, Newfield court states in dicta that had plaintiff stated a cause of action for wrongful discharge, the action would have been barred by the one-year statute).
[4] That frequently cited principle is accurate when the issue is selecting between sections 340 (3) and 339 (1), but an oversimplification in other contexts involving the applicability of the latter statute. Witkin describes section 339 (1) as a catch-all for unusual torts not otherwise provided for, and explains its scope by eliminating tort actions to which it does not apply, i.e., actions for intentional or negligent wrongs which result in injuries to the person or reputation (§ 340 (3)); actions for injury to or loss of real property or tangible personal property (§ 338, subds. (b), (c)); actions based on fraud (§ 338, subd. (d)); or statutory liabilities (§ 338, subd. (a)). (3 Witkin, Cal. Procedure, supra, Actions, § 438, p. 468.)
[5] Edwards is one of several cases acknowledging either explicitly or implicitly that a property right is at stake in a common law tort action for arbitrary or otherwise wrongful exclusion or expulsion from hospital staff privileges. (See, e.g., Westlake Community Hosp. v. Superior Court (1976) 17 Cal.3d 465, 476-478 & fn. 5 [131 Cal. Rptr. 90, 551 P.2d 410]; Willis v. Santa Ana etc. Hospital Assn. (1962) 58 Cal.2d 806, 810 [26 Cal. Rptr. 640, 376 P.2d 568], overruled on other grounds in Cianci v. Superior Court (1985) 40 Cal.3d 903, 921, 924-925 [221 Cal. Rptr. 575, 710 P.2d 375].) Underlying those cases is the recognition that an individual's exclusion or expulsion from a hospital staff or from some other private organization or professional association may in practical terms foreclose or significantly reduce the likelihood of any effective or successful practice or employment by that individual in a particular profession or calling. (See generally, Ezekial v. Winkley (1977) 20 Cal.3d 267, 271-276 [142 Cal. Rptr. 418, 572 P.2d 32]; Anton v. San Antonio Community Hosp. (1977) 19 Cal.3d 802, 823 [140 Cal. Rptr. 442, 567 P.2d 1162]; Pinsker v. Pacific Coast Society of Orthodontists (1974) 12 Cal.3d 541, 551-552 & fn. 11 [116 Cal. Rptr. 245, 526 P.2d 253].)
[6] Although neither party has mentioned section 338, subdivision (a), we are aware that one treatise writer has listed that statute as among those potentially relevant in a wrongful termination suit. (3 Wilcox, Cal. Employment Law, supra, § 60.09[4], p. 60-107.) That section provides that "[a]n action on a liability created by statute" must be brought within three years. A cause of action is based upon a liability created by statute within the meaning of this rule where the liability is embodied in a statutory provision and is of a type that did not exist at common law. (Jackson v. Cedars-Sinai Medical Center (1990) 220 Cal. App.3d 1315, 1320 [269 Cal. Rptr. 877].) While an action for wrongful termination in violation of public policy must be based on a policy delineated or declared in a constitutional or statutory provision (Gantt, supra, 1 Cal.4th at pp. 1094-1095), the cause of action itself is a common law, judicially recognized cause of action, not a liability created by statute. (See Tameny, supra, 27 Cal.3d at pp. 172-178; Hentzel v. Singer Co., supra, 138 Cal. App.3d at pp. 300-304 [recognizing common law cause of action for retaliatory dismissal of employee who complains about safety conditions].) Section 338, subdivision (a) does not apply.