Filed 2/10/23 Marriage of Camacho and Cordova CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re the Marriage of MARIA LUISA CAMACHO and FRANCISCO ANTONIO CORDOVA. | B312584 |
| | Los Angeles County Super. Ct. No. BD 460321 |
| MARIA LUISA CAMACHO, | |
| Respondent, | |
| v. | |
| FRANCISCO ANTONIO CORDOVA, | |
| Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Anne K. Richardson, Judge. Affirmed.

Francisco Antonio Cordova, in pro. per., for Appellant.

Distinguished Legal Group, Beatriz A. Pelayo-Garcia, Michael Kang, and Suzel Gonzalez for Respondent.

_____

Francisco Antonio Cordova appeals the family court's judgment in the dissolution of his marriage. Because his opening brief is deficient, Cordova forfeits his appellate arguments. We affirm.

Maria Luisa Camacho petitioned for the dissolution of her marriage to Cordova in February 2007. Cordova filed a request for a nullity of marriage. The family court bifurcated the trial on the validity of the marriage from the dissolution proceedings. In the first phase of the trial, the Commissioner found there was a valid marriage. Cordova appealed this ruling. The appeal was dismissed for lack of jurisdiction to review the interlocutory order. (*In re Marriage of Camacho* (Sep. 6, 2011, B217563) [nonpub. opn.] pp. *2-3.)

As the case proceeded to the second phase of trial, Cordova did not comply with court discovery orders. The family court struck Cordova's responses and granted Camacho's request for default against Cordova in September 2017.

The second phase of the trial took place over two days in September and November 2019. Cordova did not appear. The family court heard evidence and argument and issued a minute order finding Cordova owed Camacho arrearages for child and spousal support, awarding Camacho a one-half interest in various properties and rental income, and ordering Cordova to pay Camacho's attorney's fees.

Cordova moved to set aside the judgment addressing the division of one property covered by the order. The family court denied the motion and entered a judgment of dissolution.

Cordova now appeals this judgment.

Cordova's opening and only appellate brief to us is fatally deficient. It contains a lengthy statement of factual assertions

2

that largely lack citations to the record. Cordova concludes his brief with the statement, "I hereby state and declare, under penalty of perjury under the State of California[,] that all of the foregoing is true and correct." But an appellate brief is not an affidavit. A California appellate court cannot take evidence in the first instance and resolve factual conflicts. Cordova's appeal fails for this reason alone.

So too is Cordova's legal analysis inadequate. He asserts he is "challenging every aspect of this Court's judgment." His 35-page brief, however, cites only three legal authorities. Article VI, section 13 of the California Constitution states no judgment shall be set aside unless an error complained of resulted in a miscarriage of justice. *People v. Watson* (1956) 46 Cal.2d 818, 836 defined a "miscarriage of justice." *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 801 applied *Watson* in an insurance context.

These legal authorities are general and do not establish any particular legal error in this family law case.

Cordova in effect seeks to enlist us as his lawyers, to examine the case and to develop legal arguments for him from scratch. Among other problems, however, adopting this practice would be unfair to the other side. A court that accepted this invitation and generated new arguments strictly for an appellant's advantage would leave the respondent without effective notice of what the appeal was about in the first place. For this and other reasons, Cordova's proposal is unacceptable. (E.g., Cal. Rules of Court, rule 8.204(a)(1)(B); *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.)

We presume appealed judgments are correct. (*Bullock v. Philip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 685.)

3

Appellants bear the burden of proving error and prejudice. (*Widson v. International Harvester Co.* (1984) 153 Cal.App.3d 45, 53.) Appellants must offer cogent argument, citations to relevant legal authorities, and accurate citations to pertinent portions of the record. (Cal. Rules of Court, rule 8.204(a)(1)(B) & (C); *Tilbury Constructors, Inc. v. State Comp. Ins. Fund* (2006) 137 Cal.App.4th 466, 482.) Failure to do so forfeits appellants' claims. (*Regents of University of California v. Sheily* (2004) 122 Cal.App.4th 824, 826, fn. 1.) This duty applies to self-represented litigants. (See *Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.)

Cordova has forfeited his claims on appeal through his failure to comply with the fundamental principles of appellate practice and procedure. (*Okorie v. Los Angeles Unified School Dist.* (2017) 14 Cal.App.5th 574, 599-600.)

## DISPOSITION

We affirm the judgment and award costs to the respondent.

WILEY, J.

We concur:

GRIMES, Acting P. J.

VIRAMONTES, J.

4