Filed 5/20/24  Jackson v. Zack CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

|  |  |
|---|---|
| JENNIFER LYNN JACKSON, | B329654 |
| Plaintiff and Appellant, | Los Angeles County Super. Ct. No. 21STCV18214 |
| v. |  |
| LACEY K. ZACK, |  |
| Defendant and Respondent. |  |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael L. Stern, Judge.  Affirmed.

Jennifer Lynn Jackson, in pro. per., for Plaintiff and Appellant.

Schmid & Voiles, Denise H. Greer, Patrick W. Mayer and Dena J. Hayden Lambirth for Defendant and Respondent.

—————————————

Jennifer Jackson appeals the trial court's grant of summary judgment to Dr. Lacey Zack.  We affirm.

Zack performed shoulder replacement surgery on Jackson.  During the procedure, Zack cracked the glenoid bone in

Jackson's shoulder. Representing herself, Jackson sued Zack for medical negligence. Zack moved for summary judgment, filing in support a declaration from a medical expert opining that Zack acted within the standard of care required for orthopedic surgeons. Jackson filed an "objection" to the motion for summary judgment, but not a reply to the separate statement of undisputed facts or any expert testimony. After argument, the trial court took the matter under submission. The trial court granted Zack summary judgment and entered judgment in her favor. Jackson appeals.

Jackson's appellate briefing is fatally deficient. We presume appealed judgments are correct. (*Bullock v. Philip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 685.) Appellants bear the burden of proving error and prejudice. (*Widson v. International Harvester Co.* (1984) 153 Cal.App.3d 45, 53.) Appellants must offer cogent arguments, citations to relevant legal authorities, and accurate citations to pertinent portions of the record. (Cal. Rules of Court, rule 8.204(a)(1)(B) & (C); *Tilbury Constructors, Inc. v. State Comp. Ins. Fund* (2006) 137 Cal.App.4th 466, 482.) Failure to do so forfeits appellants' claims. (*Regents of University of California v. Sheily* (2004) 122 Cal.App.4th 824, 826, fn. 1.) This duty applies to self-represented litigants. (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.)

Jackson's difficult-to-read briefing contains no citations to the record. While Jackson does include some cites to legal authorities, most are inapplicable or simply general rules relating to motions for summary judgment or civil litigation.

Jackson claims, without citation to the record, that she was entitled to default judgment and argues the grant of summary

judgment should be reversed on this ground.  The record, including the clerk's rejection of her application for default judgment, proves otherwise.  Jackson also argues neither defendant nor the court informed her of the date of the hearing on the motion for summary judgment, but the record shows she received notice, she filed an opposition, and she appeared at the hearing.

Jackson's briefing does not identify and provide legal analysis of any error the trial court made in granting summary judgment to Zack.  Jackson has forfeited her claims on appeal through her failure to comply with the fundamental principles of appellate practice and procedure.  (*Okorie v. Los Angeles Unified School Dist.* (2017) 14 Cal.App.5th 574, 599–600.)

## DISPOSITION

We affirm the judgment and award costs to Zack.



WILEY, J.


We concur:



STRATTON, P. J.



GRIMES, J.

3