Filed 11/18/13  Eslami v. Birdie, Inc. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| NAGHI ESLAMI,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>BIRDIE INC., et al.,<br><br>    Defendants and Respondents. | D062683<br><br><br><br>(Super. Ct. No. 37-2011-00099706-<br>CU-BT-CTL) |


APPEAL from a judgment of the Superior Court of San Diego County, Lorna A. Alksne, Judge.  Affirmed.

Naghi Eslami, in propria persona, for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

Plaintiff Naghi Eslami appeals from a judgment entered in favor of defendants Birdie Inc. (Birdie) and Taylor Massey after the court sustained the defendants' demurrer to Eslami's second amended complaint, without leave to amend, because it did not allege facts sufficient to state a valid cause of action against the defendants.  Eslami, appearing

in propria persona, asserts a number of errors in the proceedings below.  We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Eslami filed this lawsuit in propria persona, alleging two causes of action apparently based on Business and Professions Code section 17200 et seq. (Unfair Competition Law, hereafter UCL).  The factual basis for Eslami's complaint is difficult to discern, as his allegations are confusing and contradictory.  In essence, it appears that Eslami agreed to transfer control of a family of companies with which he had a preexisting relationship, "Del Mar Cab and Related Companies" (Del Mar Cab), to Birdie.  Eslami would obtain a 50 percent interest in Birdie.  Eslami's partner in the venture would be Massey, who it appears was required to pay $150,000 to either Birdie (as a new investment) or to Eslami (as consideration for the purchase of Del Mar Cab).  Eslami alleges various wrongs committed by Massey in the course of the venture, including using corporate funds for personal gain, requiring Eslami to work without pay, making Eslami and his family personally liable for corporate expenses, firing and failing to pay a Del Mar Cab employee, and falsely representing in tax returns that Birdie had no income, among other things.

Four months later, Eslami filed a first amended complaint (FAC).  Again, the FAC contained two causes of action apparently based on the UCL.  The impetus for the filing of Eslami's FAC is not apparent from the record.

Birdie and Massey demurred to the FAC and filed a special motion to strike the FAC under Code of Civil Procedure section 425.16.  Neither document is in the record.

2

Eslami opposed. The court sustained the demurrer on the grounds that Eslami's FAC failed to allege facts sufficient to state a cause of action. The court stated, "Defendants persuasively argue that the FAC is 'indecipherable,' 'vague' and 'hopelessly disjointed,' and that it is 'impossible to determine . . . what is complained of.' " Because it was impossible to determine the basis of Eslami's claims, the court denied defendants' special motion to strike on the grounds that it did not establish that Eslami's claims arose from petitioning activity. The court also sustained defendants' evidentiary objections to eight exhibits that Eslami had submitted to the court in connection with his opposition to the special motion to strike. However, the court granted Eslami leave to amend his complaint, and it set an expedited briefing schedule for any demurrer or special motion to strike the new pleading.

Six days later, Eslami filed his second amended complaint (SAC). In his SAC, Eslami asserts seven purported causes of action: (1) breach of oral contract, (2) breach of written contract, (3) breach of the covenant of good faith and fair dealing, (4) fraud, (5) declaration of constructive trust, (6) request for accounting, and (7) declaratory relief. These causes of action are based on the same general set of facts that Eslami alleged in his initial complaint. In particular, Eslami alleged that Birdie and Massey committed the following "breaches of contract" and "wrongful torts":

"a. Repeatedly refused to abide by their own promises when dealing with Plaintiff;

"b. Repeatedly denied the existence of their contracts with Plaintiff and refused release of copy of agreement;

"c. Unfairly prevented Plaintiff from obtaining the plaintiff's account receivable, services to the Massey, payments for BIRDIE , payment for Massey's 2007 Van Insurance to Cordova Insurance Agency and payment to AAA, for Massey with his own request that he will pay all;

"d. Terminated of Del Mar Cab as company under BIRDIE , Defendants for invalid reasons and in a manner that was inconsistent with Defendants" legal obligations;

"e. Refused to comply with the payment obligations to Plaintiff and disavowed and interfered with Plaintiff's designation as an officer and director of BIRDIE , and;

"f. Failed and refused to repay money advanced to the Company for the benefit of the Defendants, which money was advanced by Plaintiff , reasonable reliance on the false representations of the Defendants, and each of them."  (Irregularities in grammar and punctuation in original.)

In the SAC, Eslami's allegations remain disjointed and difficult to understand.

Birdie and Massey demurred to Eslami's SAC, though their demurrer is again not part of the record.  Eslami opposed.  The court sustained the demurrer and again found that Eslami had not alleged facts sufficient to state any cause of action.  The court found that Eslami's claims for breach of contract and breach of the covenant of good faith and fair dealing did not adequately allege the existence and terms of any underlying contract, that Eslami's claim for fraud did not contain sufficient specificity, and that his request for a constructive trust was vague and conclusory.  The court further determined that Eslami did not allege sufficient grounds for an accounting, or an actual controversy sufficient to support his request for declaratory relief.  Finally, the court found that "Plaintiff has not shown there is a reasonable possibility he can cure any of the above defects by further amendment."  Eslami then appealed.

4

Although Eslami appealed from the order sustaining defendants' demurrer, and not the subsequent judgment, the clerk of this court notified the parties that we would consider the appeal as being from the judgment.

DISCUSSION

I

Eslami's opening brief in this court is difficult to understand. Large portions are unintelligible because the sentences are disjointed, the wording is idiosyncratic, and the few understandable assertions are not bound together by any logical argument. However, it is clear that the main thrust of Eslami's brief assigns error to the trial court's decision sustaining defendants' demurrer to his second amended complaint, without leave to amend.

On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the "reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded. [Citations.] The court does not, however, assume the truth of contentions, deductions or conclusions of law. [Citation] The judgment must be affirmed 'if any one of the several grounds of demurrer is well taken. [Citations.]' [Citation.] However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory. [Citation.] And it is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment." (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.) "While the decision to sustain or overrule a demurrer is

5

a legal ruling subject to de novo review on appeal, the granting of leave to amend involves an exercise of the trial court's discretion." (*Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1501.)

Although defendants have not filed a respondents' brief, we do not treat such a failure as a "default" or admission of error. We must "independently examine the record and reverse only if prejudicial error is found." (*Kennedy v. Eldridge* (2011) 201 Cal.App.4th 1197, 1203; see also *Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1078.) The judgment of the trial court is presumed to be correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is the appellant who bears the burden of overcoming that presumption. (*Stevens v. Owens-Corning Fiberglas Corp.* (1996) 49 Cal.App.4th 1645, 1657.) This principle is equally true where the appellate court is required to conduct a de novo review. (See *Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6.)

II

We note at the outset that we will address only those arguments that we can reasonably discern from Eslami's briefing and that are supported by identifiable argument. "'Appellate briefs must provide argument and legal authority for the positions taken. "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived."' [Citation.] 'We are not bound to develop appellants' arguments for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived.'" (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.) These standards are unchanged where, as here, an appellant appears in propria persona.

"[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys." (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210; see also *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)

Eslami appears to contend that the trial court erred in finding that his fraud claim was pleaded with insufficient specificity. Eslami cites *Woods Exploration & Producing Co. v. Aluminum Co. of America* (5th Cir. 1971) 438 F.2d 1286 and claims that it "is interesting in [its] factual resemblance to the case at bar." We discern no such resemblance. In *Woods*, the court considered whether certain oil producers were immune from antitrust liability for submitting allegedly false forecasts to a governmental authority. (*Id.* at pp. 1289-1290.) *Woods* does not relate in any way to pleading standards for fraud in California, and it does not assist Eslami in establishing reversible error by the trial court. We therefore reject Eslami's assignment of error on this ground.

Eslami also appears to contend that the trial court improperly weighed evidence and based its decision on "matters which the court stated were beyond the record" when considering defendants' demurrers. Eslami cites nothing in the record to support his argument, nor does he offer any legal authority on these points. As such, Eslami has waived any assignment of error on these grounds. (See *Cahill v. San Diego Gas & Electric Co., supra*, 194 Cal.App.4th at p. 956.)

Eslami's briefing references the UCL extensively, but the import of his arguments is unclear. Eslami cites several authorities related to the litigation privilege, but it does not appear that the litigation privilege relates in any way to the trial court's decision to

7

sustain defendants' demurrer. Similarly, Eslami references standing issues and the distinction between an "act" and a "practice" under the UCL. Eslami does not explain how these authorities relate to the sufficiency of his pleading. Where Eslami does offer argument, it does not appear to have any relation to this case. For example, Eslami writes, "The trial court stated that the UCL requires a 'practice,' that is ongoing wrongful conduct, envisioning more than a single transaction citing *Hewlett v. Squaw Valley Ski Corp.* (1997) 54 Cal.App.4th 499. [Trial Court Order pp. 22-23.]" (Brackets in original.) Eslami's statement is difficult to understand, since none of the trial court orders in the record are more than a few pages in length, and we can find no reference to *Hewlett* in those orders.

To the extent Eslami contends that his SAC states a claim under the UCL, we find this contention unpersuasive. Eslami is entitled on appeal to offer a new legal theory under which his complaint may be found sufficient. (See *Smith v. Commonwealth Land Title Ins. Co.* (1986) 177 Cal.App.3d 625, 630.) However, Eslami's isolated and confusing arguments regarding litigation privilege, standing, and "practices" under the UCL do not sustain his burden of showing that he has pleaded sufficient facts to state a claim under the UCL.

Alternatively, to the extent Eslami claims error in the trial court's order sustaining defendants' demurrer to Eslami's FAC (which purported to allege two UCL causes of action), any claim of error was waived when Eslami chose to amend his complaint rather than challenge the court's order. (See *Aubry v. Tri-City Hospital Dist., supra*, 2 Cal.4th at p. 966, fn. 2 ["Rather than appealing the trial court's order, [appellant] chose to amend its

8

complaint. By doing so, it waived its right to appeal any error in the sustaining of the first demurrer."].)[1]

Finally, Eslami appears to assert error in the court's decision to set an expedited briefing schedule on defendants' demurrer to his SAC. During the hearing on defendants' demurrer to Eslami's FAC, the court explained, "On demurrers, I'm going to try something new to set them closer, since I've already done the research and spent the time on them, to give people the closer dates rather than October, I would rather do it. So I'm short setting it for you. [¶] . . . [¶] So you get your complaint in, and if he wants to file a demurrer, I'm going to give him an order shortening time to file his demurrer for your opposition so we can get the pleadings focused and get this case moving." Eslami was present at the hearing, appearing in propria persona, and did not object to the court's order expediting briefing. At the hearing, Eslami repeatedly said, "Yes, Your Honor," in response to the court's comments explaining the expedited briefing schedule. Because Eslami did not object to the expedited briefing schedule in the trial court, he has forfeited any claim of error on this ground on appeal. (See *Avalos v. Perez* (2011) 196

---

[1] A third possibility is that Eslami asserts error in the trial court's consideration of defendants' special motion to strike his FAC under Code of Civil Procedure section 425.16. Elsewhere in his briefing, Eslami makes references to an alleged irregularity in oral argument on that motion and to the trial court's allegedly improper exclusion of certain evidence submitted by Eslami in opposition to that motion. To the extent Eslami claims errors related to defendants' special motion to strike, we decline to consider them because the trial court found in Eslami's favor and denied the motion. Eslami may not challenge such a favorable ruling on appeal. (See *Marich v. MGM/UA Telecommunications, Inc.* (2003) 113 Cal.App.4th 415, 431.) Nor has Eslami established any connection between any alleged errors in the trial court's consideration of defendants' special motion to strike and the demurrer that is at issue in this appeal.

9

Cal.App.4th 773, 776 ["As a general rule, a claim of error will be deemed to have been forfeited when a party fails to bring the error to the trial court's attention by timely motion or objection."].)

In sum, Eslami has not shown that the trial court erred in sustaining defendants' demurrer to his SAC for failure to allege facts sufficient to state a valid cause of action, nor has Eslami demonstrated any other reversible error in the proceedings below.

### III

"[I]t is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment." (*Aubry v. Tri-City Hospital Dist., supra*, 2 Cal.4th at p. 967.) However, Eslami "must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading." (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.) Eslami has not done so. Because Eslami has not shown a reasonable possibility that he can allege facts sufficient to state a cause of action, he has not established that it was an abuse of discretion to deny leave to amend.

### DISPOSITION

The judgment is affirmed.

NARES, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.

10