Filed 12/5/14  Swartz v. Smith CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| KEVIN F. SWARTZ et al., | D064324 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2009-00052744-CU-BC-NC) |
| TYE A. SMITH et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert P. Dahlquist, Judge.  Affirmed.

Kevin F. Swartz and Diane E. Kocheran, in pro. per., for Plaintiffs and Appellants.

No appearance for Defendants and Respondents.

This action arises out of alleged construction defects in a residence Kevin F. Swartz and Diane E. Kocheran (together, plaintiffs) bought from defendants Tye A. Smith and Lori Smith (together, the Smiths), located in Vista, California.  The matter went to a jury trial and the jury found in favor of the Smiths.

Plaintiffs appeal, in propria persona, asserting (1) the court used an improper special verdict form, (2) the court failed to answer a question concerning Tye Smith's bankruptcy, (3) the court erred in awarding defendants' attorney fees and costs, (4) the court allowed improper expert testimony, (5) the court improperly excluded some of plaintiffs' exhibits, (6) the court erred by denying their counsel's request for sidebars when it sustained objections to their counsel's questions, (7) the court violated the bankruptcy stay order in Tye Smith's bankruptcy proceedings, and (8) the evidence was insufficient to support the verdict. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Construction and Sale of the Residences*

In 2003 the defendants (the Smiths) purchased two undeveloped lots. After they closed escrow and began the permitting process for developing the first parcel, they learned they were subject to a covenant of improvement, requiring them to construct a paved access road and sewer system prior to commencing construction. The Smiths sued the sellers of the property and a title insurance company for nondisclosure. The Smiths ultimately settled those claims.

The Smiths constructed the road and sewer system and obtained the County's approval to build. The Smiths constructed a single family residence, on one parcel, in which they resided, and thereafter built a residence on the adjacent property, located at 3636 Royal Road in Vista, California (the subject property).

Plaintiffs purchased the subject property for $1,048,500. Prior to the close of escrow the plaintiffs hired a home inspection company. The purchase agreement

contained an attorney fees clause that provided, "[i]n any action, proceeding, or arbitration between Buyer and Seller arising out of this Agreement, the prevailing Buyer or Seller shall be entitled to reasonable attorney fees and costs from the non-prevailing Buyer or Seller . . . ."

B. *The Lawsuit*

The plaintiffs filed a lawsuit against contractors and brokers involved in the transaction, as well as the Smiths, asserting the subject property suffered from construction defects. As against the Smiths, they asserted claims for intentional misrepresentation, negligent misrepresentation, concealment, and quiet title.

During the pendency of the litigation the Smiths filed for bankruptcy. They listed the plaintiffs' claim for construction defects in the amount of $1.5 million as a debt. The plaintiffs thereafter obtained a relief from stay, allowing them to proceed against the Smiths on their fraud claims.

C. *The Trial*

The matter came on for a jury trial in March 2013. Following trial, the jury returned a special verdict form. As against the Smiths the verdict identified causes of action for negligence, concealment, and intentional misrepresentation. As to the cause of action for intentional misrepresentation against the Smiths, the jury found that plaintiffs failed to prove one element of that claim, that the Smiths intended that plaintiffs rely on their representations. As to the cause of action for concealment, the jury found the Smiths did not intentionally fail to disclose an important fact the plaintiffs did not know and could not reasonably discover.

3

However, the jury did find that the Smiths were negligent in connection with the real estate transaction. The jury found Tye Smith to be 20 percent liable for plaintiffs' harm and Lori Smith to be 15 percent liable. The jury awarded damages against Tye Smith in the amount of $44,285 and against Lori Smith in the amount of $33,215. The court reduced those awards to $0, presumably because the relief from stay order only allowed the plaintiffs to pursue their fraud claims against the Smiths, and the jury found in their favor on those claims. The court also found the Smiths to be the prevailing parties, and therefore they could recover their costs of suit.

D. *Motion for Attorney Fees*

Thereafter, the Smiths brought a motion for attorney fees and costs. Their former counsel,[1] Gregory S. Day, submitted a declaration, stating that for "an extended period of time" he acted as counsel for the Smiths. He declared the "[t]he litigation was waged aggressively by the plaintiffs and their counsel, resulting in significant attorney fees and costs." Attorney Day stated that the Smiths incurred $94,940 in attorney fees and costs in the amount of $8,594.44. The court granted the motion.

DISCUSSION

A. *Special Verdict Form*

1. *Background*

The special verdict form and jury instructions were discussed with counsel during the trial. Thereafter, the court discussed the jury instructions with the jury, a well as a

---

[1]    Although the Smiths appeared in propria persona at trial, for a period of time during the pendency of this litigation they were represented by counsel.

clerical error in the special verdict form. The special verdict form asked the jury to determine plaintiffs' damages suffered as a result of the Smiths' actions.

2. *Analysis*

Plaintiffs assert the special verdict form was defective because it did not specify that on their claims for intentional misrepresentation and concealment they were entitled to recover the diminution in value of the subject property as well as amounts actually and reasonably expended in reliance on the fraud, under Civil Code section 3343. This contention is unavailing.

As noted, *ante*, the special verdict form asked the jury to determine plaintiffs' damages suffered as a result of the Smiths' actions. More importantly, the court instructed the jury that the damages recoverable against the Smiths were "[t]he difference between the amount that plaintiffs paid for the property and the fair market value of the property at the time of the sale" and "amounts of money that plaintiffs claim to have reasonably spent in reliance on defendants' conduct." Because we presume the jury followed the trial court's instructions and nothing in the record shows otherwise, we conclude the jury followed the trial court's instructions and applied the correct law concerning plaintiffs' damages. (*People v. Boyette* (2002) 29 Cal.4th 381, 436.)

B. *Smiths' Bankruptcy*

1. *Background*

During deliberations the jury sent the court a note stating: "Will you be instructing the jury how [*sic*] the impact of the Smiths' bankrupt[c]y has on the ability to

5

sue for construction defects?" Although the record reflects that the court responded to several other juror notes, it does not show the court responded to that note.

2. *Analysis*

Plaintiffs assert that "because the effect of the bankruptcy was not explained to the jury, they were not aware that the [plaintiffs] could not recover on any non-fraud related claim" which made the special verdict inconsistent and ambiguous, and "highly prejudiced [plaintiffs'] case." We reject this contention.

Plaintiffs do not explain how the court's failure to inform the jury about the effect of the bankruptcy made the jury verdict inconsistent or how it prejudiced their case. As we have explained, the plaintiffs were granted a relief from stay to pursue their fraud claims, and the special verdict form contained those claims. The jury found in favor of the Smiths on those claims. Therefore, the failure to explain the effect of the bankruptcy proceeding is of no moment.

C. *Award of Costs*

1. *Background*

After the Smiths prevailed on their fraud claims, they sought to recover their costs as prevailing parties. The court granted the motion.

2. *Analysis*

Plaintiffs assert that the court erred in awarding the Smiths the costs they incurred in defending this action because in their bankruptcy filing "they did not list the possibility of receiving any fund as a result of the trial." This contention is unavailing.

6

Unless otherwise provided by statute, a "prevailing party" is entitled to recover costs in any action or proceeding "as a matter of right."  (Code Civ. Proc., § 1032, subd. (b).)  "Prevailing party" for purposes of section 1032, subdivision (a)(4) of the Code of Civil Procedure is defined as including:  "[1] the party with a net monetary recovery, [2] a defendant in whose favor a dismissal is entered, [3] a defendant where neither plaintiff nor defendant obtains any relief, and [4] a defendant as against those plaintiffs who do not recover any relief against that defendant."

As we have discussed, the plaintiffs were granted a relief from stay and allowed to pursue their fraud claims.  As such, the Smiths had to defend against those claims and, as prevailing parties, were entitled to recover their costs in defending the action.

D.  *Evidentiary Rulings By Court*

1.  "*Cumulative*" *objections*

Plaintiffs assert the court erred in sustaining multiple objections that testimony was cumulative.  However, plaintiffs do not explain how the subject questions were not cumulative.  Therefore, this claim of error is forfeited.

2.  *Expert testimony by Richard Snyder*

Plaintiffs assert that that the court erred in denying their objections to the testimony of the Smiths' expert, Richard Snyder, as going beyond the scope of his testimony at his deposition.  We reject this contention.

In support of this contention, plaintiffs cite *Easterby v. Clark* (2009) 171 Cal.App.4th 772, 780, which held:  "[A] party's expert may not offer testimony at trial that exceeds the scope of his deposition testimony *if* the opposing party has no notice or

7

expectation that the expert will offer the new testimony, or *if* notice of the new testimony comes at a time when deposing the expert is unreasonably difficult." (Original italics.)

However, plaintiffs do not explain how Snyder's testimony exceeded the scope of his deposition. Moreover, in the portion of the testimony quoted by plaintiffs in their opening brief, it is clear that Snyder was responding to the testimony of plaintiffs' witness. Thus, the plaintiffs were on notice that Snyder would give that testimony.

3. *Evidentiary rulings on plaintiffs' exhibits*

Plaintiffs assert that the court erred in excluding exhibits offered during the direct examination of their expert, Timothy Delise. Specifically, plaintiffs assert that the court erred in excluding exhibits identified as "Delise detailed invoices and statements," "Delise Stearman costs," and "Delise FINAL Cost of Repair."

However, plaintiffs do not provide the basis for the court's ruling. They also do not explain why that ruling was erroneous. California Rules of Court, rule 8.204(a)(1)(C) requires that briefs "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." "'When an appellant's brief makes no reference to the pages of the record where a point can be found, an appellate court need not search through the record in an effort to discover the point purportedly made. [Citations.] We can simply deem the contention to lack foundation and, thus, to be forfeited.'" (*Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 800.) Further, although plaintiffs are litigants in propria persona, they are to be treated to "the same, but no greater consideration than other litigants and attorneys."

8

(*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.) Therefore, they cannot assert this contention on appeal.

4. *Requests for sidebars*

Plaintiffs also assert that the court erred in denying their counsel's request for a sidebar when the court sustained objections to his questions. This contention is unavailing.

"Sidebar conferences. The judge rarely calls the attorneys to the sidebar or grants requests for a sidebar conference. Such requests must be made only if absolutely necessary. Possible problems must be anticipated and discussed at the trial management conference, so as not to interrupt the flow of testimony and to keep the jurors waiting. Sidebar conferences are not reported. An attorney who wishes to place any matter on the record will have the opportunity to do so at the next break in the trial." (Thomas, Cal. Civil Courtroom Handbook and Desktop Reference (2014 ed.) Trial Management Conference, § 28:10, p. 1076.)

Thus, plaintiffs cannot show the court erred in failing to allow sidebars after sustaining objections to counsel's questions.

D. *Sufficiency of the Evidence*

Last, plaintiffs assert that the evidence was insufficient to support the verdict. This contention is unavailing.

1. *Standard of review*

When a challenge is made to the sufficiency of the evidence, we must review the entire record and view all factual matters in the light most favorable to the prevailing

9

party and the judgment.  (*Washington v. Farlice* (1991) 1 Cal.App.4th 766, 771-772; *Kuhn v. Department of General Services* (1994) 22 Cal.App.4th 1627, 1632-1633.)  We do not reweigh the evidence or resolve conflicts in the evidence or in the reasonable inferences that may be drawn from the evidence.  (*White v. Inbound Aviation* (1999) 69 Cal.App.4th 910, 927.)  "'All of the evidence most favorable to the respondent must be accepted as true, and that unfavorable discarded as not having sufficient verity, to be accepted by the trier of fact.'"  (*Buehler v. Sbardellati* (1995) 34 Cal.App.4th 1527, 1542, italics omitted.)  When the record contains substantial evidence, "no matter how slight it may appear in comparison with the contradictory evidence, the judgment must be upheld."  (*Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 631.)  "Credibility, or lack thereof, is for the factfinder, not the reviewing court, to determine."  (*Wilson v. State Personnel Bd.* (1976) 58 Cal.App.3d 865, 877.)

2. *Analysis*

In asserting there is insufficient evidence to support the verdict, plaintiffs cite excerpts from the evidence favorable to their position.  They also cite evidence related to parties that are not part of their appeal.  Because we must review the record in the light most favorable to the judgment, and plaintiffs have not acknowledged any of that evidence, their claim that the evidence is insufficient fails.

10

DISPOSITION

The judgment is affirmed.

NARES, J.

WE CONCUR:

BENKE, Acting P. J.

McDONALD, J.

11