Filed 1/25/16  Ibrahim v. Jones CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SAEED IBRAHIM,<br><br>　　　　Plaintiff and Appellant,<br><br>v.<br><br>DANIEL JONES,<br><br>　　　　Defendant and Respondent. | A141735<br><br>(San Francisco City and County<br>Super. Ct. No. CGC-11-508375) |

This case arises from an attempt by Extreme Auto Recovery (Extreme Auto), and its agent Daniel Jones, to repossess an automobile from appellant Saeed J. Ibrahim. Ibrahim filed suit against Extreme Auto and Jones seeking damages for multiple alleged torts and civil rights violations related to the attempted repossession.  In a prior unpublished decision, we affirmed summary judgment entered in favor of Extreme Auto.[1] The present appeal is taken from judgment entered in favor of the remaining defendant,

---

[1] Jones requested judicial notice of our prior decision (*Ibrahim v. Extreme Auto Recovery, Inc*. (Dec. 4, 2014, A138663) [nonpub. opn.]), as well as judicial notice of Ibrahim's opening brief in that appeal.  The opinion is law of the case on the issues decided and citable for that purpose. (See *San Francisco Forty-Niners v. Nishioka* (1999) 75 Cal.App.4th 637, 645–646 & fn. 7; Cal. Rules of Court, rule 8.1115(b)(1).) Judicial notice of our prior opinion is therefore unnecessary.  We previously granted the unopposed request to take notice of Ibrahim's opening brief in the prior matter. (*Khodayari v Mashburn* (2011) 200 Cal.App.4th 1184, 1196 & fn. 1 [judicial notice of appellate briefs in related appeal].)

1

Jones, following summary adjudication of all causes of action, denial of leave to amend the operative complaint, and the subsequent judgment on the pleadings.[2] We affirm.

## I. BACKGROUND AND PROCEDURAL HISTORY

Ibrahim financed the purchased of a Lincoln Town Car. He missed monthly payments on the vehicle and received demands for payment. Prior to February 2010, two attempts had been made to repossess the vehicle. On February 22, Ibrahim's wife called him to report that a tow truck was blocking their driveway. Ibrahim alleged that he drove home in his Audi and unsuccessfully asked the tow truck driver, Jones, to move his truck. Ibrahim then drove over his neighbor's driveway to maneuver the Audi into his driveway. After Ibrahim parked, he and Jones got out of their vehicles, and Jones said, " 'Oh, now so you going to run me over? Nigger.' " Jones "took a swing" at Ibrahim, but did not strike him.[3] Jones called San Francisco Police and reported that Ibrahim had hit him with the Audi. A confrontation ensued between police and Ibrahim, resulting in Ibrahim's arrest. Ibrahim alleged that he was beaten by "Doe Defendants," but testified at deposition that it was not Jones who struck him.[4]

The operative pleading is Ibrahim's first amended complaint (FAC) filed on June 23, 2011. The pro se complaint alleged causes of action for false arrest/false imprisonment, assault and battery, negligent and intentional infliction of emotional distress, negligent hiring, retention, supervision and assignment, and violations of the

---

[2] We are privy to the procedural history as to Jones only as a result of Jones's citation to the appropriate trial court record in the instant case. As discussed *post*, Ibrahim cites the record in the *prior* proceeding (*Ibrahim v. Extreme Auto Recovery, Inc.*, *supra,* A138663). With the exception of two paragraphs, Ibrahim's opening brief here is virtually identical to that filed in the previous appeal.

[3] In his deposition, Ibrahim described Jones as "shadowboxing" and said he had "no doubt in [his] mind that [Jones was] not going to hit [him]."

[4] Ibrahim filed a separate lawsuit against the City and County of San Francisco and individual police officers.

Unruh Civil Rights Act (Civ. Code, § 51 et seq.). On November 26, 2012, the trial court permitted substitution of Jones as a "Doe" defendant.[5]

On April 8, 2013, Jones moved for summary judgment, or alternatively summary adjudication on all causes of action. Prior to hearing on Jones's motion, Ibrahim filed a motion to amend the FAC to include, inter alia, causes of action for unlawful repossession and civil extortion. On July 1, the court (Hon. Richard Kramer) denied summary judgment, but granted Jones's motion for summary adjudication as to all claims in the FAC. The court denied Ibrahim's motion for leave to amend the FAC due to Ibrahim's failure to comply with California Rules of Court, rule 3.1324.[6] Specifically, the "unlawful repossession" claim was denied with prejudice because it was not a valid cause of action under California law,[7] and the civil extortion claim was denied without prejudice. A continuance was granted pursuant to Code of Civil Procedure section 437c,

---

[5] On December 21, 2012, the trial court (Hon. Marla Miller) granted Extreme Auto's motion for summary judgment, holding that Ibrahim's claims were based on Jones's alleged false report to the police, which was absolutely privileged under Civil Code section 47, subdivision (b). On appeal from the resulting judgment of dismissal, we agreed with the trial court and affirmed. (*Ibrahim v. Extreme Auto Recovery, Inc., supra,* A138663.)

[6] California Rules of Court, rule 3.1324 provides in pertinent part: "A motion to amend a pleading before trial must: [¶] (1) Include a copy of the proposed amendment or amended pleading, which must be serially numbered to differentiate it from previous pleadings or amendments; [¶] (2) State what allegations in the previous pleading are proposed to be deleted, if any, and where, by page, paragraph, and line number, the deleted allegations are located; and [¶] (3) State what allegations are proposed to be added to the previous pleading, if any, and where, by page, paragraph, and line number, the additional allegations are located. [¶] . . . A separate declaration must accompany the motion and must specify: [¶] (1) The effect of the amendment; [¶] (2) Why the amendment is necessary and proper; [¶] (3) When the facts giving rise to the amended allegations were discovered; and [¶] (4) The reasons why the request for amendment was not made earlier."

[7] The court noted that a conversion claim would be a valid cause of action, but that it was not applicable to this case because Jones did not obtain Ibrahim's car by unlawful means. The court also denied leave to add Ibrahim's wife as a plaintiff, finding the claims were time barred.

subdivision (h), to allow Ibrahim to conduct discovery to attempt to establish the civil extortion claim.

On July 12, 2013, Ibrahim filed a second motion to amend the FAC, including a proposed second amended complaint containing a single cause of action alleging civil extortion. Jones opposed. On September 5, the trial court (Hon. Leslie Nichols) denied the motion.[8]

On January 8, 2014, Jones filed a motion for judgment on the pleadings or, in the alternative, motion for entry of judgment. Following hearing on March 5, the court (Hon. Ernest Goldsmith) granted the motion for judgment on the pleadings finding that: (1) the court had previously granted Jones's motion for summary adjudication on all causes of action alleged against Jones in the FAC; (2) the court had given Ibrahim an opportunity to plead a cause of action for extortion; and (3) the court had subsequently denied Ibrahim's second motion to amend with prejudice. The court found that Ibrahim had no viable claims remaining. Judgment was entered in favor of Jones on May 20.

Ibrahim filed a notice of appeal on May 5, 2014, from the March 5 "[j]udgment of dismissal."

## II.  DISCUSSION

We begin by reiterating settled rules of appellate review, often unfamiliar to pro se litigants, and sometimes ignored even by licensed practitioners. " 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) The appellant has the burden of demonstrating error on the part of the trial court. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141; *People v. Giordano* (2007) 42 Cal.4th 644, 666 [" ' "error must be affirmatively shown" ' "].) "[T]he party asserting trial court error may not . . . rest on the bare assertion of error but must present

---

[8] The order provides no explanation and no record of that hearing is provided.

argument and legal authority on each point raised." (*Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 649.) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408; see Cal. Rules of Court, rule 8.204(a)(1)(C).)

Ibrahim is not exempt from the rules because he chose to represent himself on appeal. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246; *McComber v. Wells* (1999) 72 Cal.App.4th 512, 522–523.) "[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys." (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.)

As noted *ante*, Ibrahim filed an opening brief in this matter that is essentially identical to what he submitted in the prior appeal. The only apparent difference is the inclusion of two paragraphs, reciting: "This is a lawsuit between plaintiff Saeed Ibrahim, an individual, and Daniel Jones, a tow truck operator and automobile repossessor. [¶] On February 22, 2010, Jones came to Ibrahim's house in the early evening and demanded that Ibrahim turn over an automobile that Ibrahim was buying on time. Jones threatened to have Ibrahim 'fucked up' and to call the police if Ibrahim didn't turn it over." The brief does not mention the judgment entered in Jones's favor, nor does it suggest why the trial court may have erred in entering that judgment.[9] Ibrahim has forfeited his arguments on appeal by failing to apply cited legal principles to the particular facts of the FAC and to support his arguments with citations to specific evidence in the record. (See *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785; *Guthrey v. State of*

---

[9] Counsel later retained by Ibrahim explained, in a motion to strike Ibrahim's pro se opening brief, that Ibrahim had attempted to "adapt briefing . . . submitted in the earlier appeal." Counsel sought leave to prepare and file a new opening brief. Jones opposed the motion, arguing that he would be prejudiced by the burden of responding to a new pleading and by the tactical advantage Ibrahim would gain from drafting a new opening brief in light of arguments and strategy in the already-filed respondent's brief. He also argued that Ibrahim had made a conscious choice to prepare and file his pleadings pro se. By order of September 29, 2015, we denied Ibrahim's motion to strike his opening brief.

*California* (1998) 63 Cal.App.4th 1108, 1115–1116; Cal. Rules of Court, rule 8.204(a)(1)(C).)

Even if Ibrahim's claims were not forfeited, he provides no basis for addressing them on the merits. The court's July 1, 2013 order granting summary adjudication eliminated all claims in the FAC for the same reason we affirmed the earlier grant of summary judgment in favor of Extreme Auto—that the absolute litigation privilege provided under Civil Code section 47, subdivision (b), barred all of the causes of action pled. (*Ibrahim v. Extreme Auto Recovery, Inc.*, *supra*, A138663; see *Hagberg v. California Federal Bank* (2004) 32 Cal.4th 350, 355.) Our prior decision, as law of the case, cannot be revisited and applies equally to the same claims asserted against Jones.[10] " 'Under the doctrine of the law of the case, a principle or rule that a reviewing court states in an opinion and that is necessary to the reviewing court's decision must be applied throughout all later proceedings in the same case, both in the trial court and on a later appeal.' " (*Water Replenishment Dist. of Southern California v. City of Cerritos* (2012) 202 Cal.App.4th 1063, 1071.)

The July 1, 2013 order denied Ibrahim's motion to amend the FAC to plead "unlawful repossession" because unlawful repossession was not a valid cause of action, and any claim of conversion was not applicable because Jones did not obtain Ibrahim's car by unlawful means. Ibrahim makes no effort to explain why this was error.[11]

After a continuance was granted to allow discovery regarding a civil extortion claim, Ibrahim sought leave to amend the FAC to plead a single cause of action for civil extortion. We are provided a copy of the court's September 5, 2013 order summarily

---

[10] Jones argues that our prior decision is res judicata. "The doctrines of res judicata and collateral estoppel apply to later litigation to give conclusive effect to a former judgment or an issue determined in a former proceeding." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 701–702.)

[11] In his opening brief, Ibrahim contends only that he could have pled a claim of unlawful repossession against *Extreme Auto*, and that he should have been allowed to amend his complaint to do so before the grant of summary judgment in favor of Extreme Auto.

6

denying the motion, but no record of the hearing.  Ibrahim again fails to explain why that decision was in error, and fails to provide an adequate record for review.[12]  "The party seeking to challenge an order on appeal has the burden to provide an adequate record to assess error.  [Citation.]  Where the party fails to furnish an adequate record of the challenged proceedings, his claim on appeal must be resolved against him."  (*Rancho Santa Fe Assn. v. Dolan-King* (2004) 115 Cal.App.4th 28, 46.)  We are required to presume that the record contains evidence to support every finding of fact, unless an appellant affirmatively shows otherwise.  (*Huong Que, Inc. v Luu* (2007) 150 Cal.App.4th 400, 409.)  " ' "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' "  (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)  Without an adequate record, Ibrahim could not meet his burden on this issue, even if the issue were addressed in his brief.

Finally, Ibrahim fails to explain how the trial court erred in entering judgment on the pleadings when, the court having granted summary adjudication and denied leave to amend, no viable cause of action remained.

### III.    DISPOSITION

The judgment is affirmed.  Jones is to recover costs on appeal.

---

[12] Ibrahim discusses a cause of action for civil extortion in his opening brief only in contending that the litigation privilege would not apply to bar his claim.

7

_____

BRUINIERS, J.


WE CONCUR:


_____

JONES, P. J.


_____

NEEDHAM, J.


8