Filed 9/23/20  Marriage of Bolla CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re Marriage of GIOVANNI and BRENDA BOLLA. | B295415 |
| | (Los Angeles County Super. Ct. No. LD075245) |
| GIOVANNI BEN BOLLA, | |
| Appellant, | |
| v. | |
| BRENDA BOLLA, | |
| Respondent. | |

APPEAL from order of the Superior Court of Los Angeles County, Theresa M. Traber, Judge.  Affirmed.

Giovanni Ben Bolla, in pro. per., for Appellant.

Brenda Bolla, in pro. per., for Respondent.

———————————

## FACTUAL AND PROCEDURAL BACKGROUND[1]

A.    *Background Information*

The parties, Giovanni and Brenda, were married September 27, 2010.  Six years later, on December 5, 2016, Giovanni filed a petition for dissolution of his marriage to Brenda.[2]  Brenda filed a response on December 22, 2016.

On May 10, 2017, the trial court granted a Domestic Violence Restraining Order (DVRO) protecting Brenda against Giovanni; we have no moving paperwork or any responsive or reply pleadings filed in connection with Brenda's request.  It appears the court held hearings on the request for the DVRO on March 22 and May 10, 2017, before issuing the DVRO; the record on appeal does not include the reporter's transcript of these hearings.

The DVRO included the following orders:  Giovanni shall not "[h]arass, attack, strike, threaten, . . . disturb the peace" of Brenda.  Giovanni shall not "[c]ontact [Brenda], either directly or indirectly, by any means" except for brief and peaceful contact

---

[1]    The clerk's transcript provided by appellant Giovanni does not include many pleadings and evidence necessary for our review—including but not limited to Brenda's request to renew the domestic violence restraining order (the operative motion), Brenda's original request for domestic violence restraining order, and any responsive pleadings filed by Giovanni in opposition. Giovanni also failed to provide a reporter's transcript of the June 11 and 20, 2018, hearings on the underlying request for renewal. Thus, our understanding of the factual and procedural background is limited.

[2]    Because the parties share the same last name, we refer to them by their first names to avoid confusion.

required for court-ordered visitation of their son and daughter, currently 12 and nine years old, respectively. Giovanni was ordered to stay away from Brenda, her home, workplace, school, and car. The DVRO also included child custody and visitation orders, awarding sole legal and physical custody of the children to Brenda, and setting unmonitored visitation for Giovanni.

The DVRO was set to expire after one year, on May 10, 2018.

B.    *Underlying Action*

On April 18, 2018, Brenda filed a request to renew the DVRO that was set to expire in a few weeks. The record on appeal does not include a complete copy of Brenda's request—which is the operative underlying motion. We were, however, provided with Giovanni's opposition to Brenda's request. Giovanni "categorically den[ied] all of [Brenda]'s allegations" and alleged he "did not violate . . . any court order or restraining order."

In his opposition, Giovanni describes the acts of abuse Brenda alleged in connection with the original request for a DVRO. Two incidents had occurred in February 2017, one of which resulted in summoning the police. According to Giovanni, Brenda accused him of "yelling and screaming, grabbing books out of her hand, and pushing her when she tried to get her belongings back"; in another incident Giovanni "was accused of making threats to [Brenda]'s attorney." Giovanni said he was also "accused of making threats" to go after Brenda for Social Security fraud.

3

Giovanni's opposition also purports to describe the allegations Brenda set forth as the basis for renewing the DVRO against him. Brenda alleged he violated the DVRO by "dropping off mail" at Brenda's residence and "by continuing to send her mail through her kids." We also learn from Giovanni's pleadings that Brenda had requested the court renew the DVRO (previously for a one-year period) for a period of five years.

From the minute orders filed July 10, 2018 and September 7, 2018, we glean the following:

The trial court held a hearing on Brenda's request to renew the DVRO on June 11, 2018. The court tentatively ruled Brenda had met her burden of demonstrating that Giovanni "violated the DVRO by delivering documents that criticized and disparaged [Brenda] to her mother and the children's caregiver and that [Brenda] had shown both a subjective and objective apprehension of future abuse." In response to an argument by Giovanni that the court's ruling violated the First Amendment, the trial court ordered the parties to "brief the issue of whether it was consistent with the First Amendment for the [c]ourt to find that [Giovanni] violated the DVRO and/or engaged in domestic violence by conveying his filed declaration to third parties." The court set a briefing schedule on "the First Amendment implications raised" by Brenda's contention. Giovanni provided us with his supplemental briefing, but not Brenda's.

On September 7, 2018, the trial court ruled: "An examination of the evidence and findings on which the original DVRO was grounded provides support for the conclusion that there is a reasonable risk of future abuse." The trial court alluded to the past incidents that were the bases for the original DVRO: Giovanni "verbally abused and physically shoved

4

[Brenda], engaged in loud, abusive tirades against [Brenda] in front of the parties' children, threatened her, and used manipulative and belligerent tactics to exercise financial control over [Brenda].  On one occasion, [Giovanni] assaulted the parties' son and, on another, he refused to disclose the children's whereabouts to [Brenda] in an effort to torment [her]."

In the September 7, 2018 minute order, the trial court provided its analysis of the factors set forth in *Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275.  The court evaluated whether changed circumstances made future abuse more or less likely.  Giovanni had argued he had "moved on in his life, is engaged to another woman, and is besieged with health problems . . . forc[ing] him to use a cane."  The court found while "the outward aspects of [Giovanni]'s life ostensibly undermine the likelihood of future abuse, the nature of his misconduct following the issuance of the initial DVRO . . . was apparently undertaken during the time period when [he] was already involved with his fiancée." The trial court found Giovanni's changed circumstances had not actually lessened the likelihood of further abuse.  The trial court was "serious[ly] concern[ed]" that Giovanni "involved his children in this harassment . . . by enlisting his daughter to make a secret delivery of documents to [Brenda]'s mother at [Brenda]'s own home.  These serious violations of the DVRO provide forceful support in favor of renewing the DVRO

The trial court granted Brenda's request to renew the DVRO for a period of five years.

Giovanni timely appealed.

# DISCUSSION

We review an order granting or renewing a domestic violence restraining order for abuse of discretion. (*In re Marriage of Nadkarni* (2009) 173 Cal.App.4th 1483, 1495.)

We are mindful Giovanni is representing himself on appeal; however, he "is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys." (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.)

We are unable to address the somewhat unintelligible points raised in Giovanni's opening brief because the briefing fails to pass muster in various ways. Accordingly, we affirm the trial court's judgment.

## I.  Giovanni failed to provide citations to the record.

"An appellant must support his argument in the briefs by appropriate references to the record, which includes providing exact page citation. [Citations.]" (*Byars v. SCME Mortgage Bankers, Inc.* (2003) 109 Cal.App.4th 1134, 1140.) An appellant's brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) Indeed, "[i]t is axiomatic that an appellant must support all statements of fact in his [or her] briefs with citations to the record." (*Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 29.)

When a party fails to provide a single citation to the record on appeal to support his or her arguments, we may properly disregard the brief and treat the unsupported issues and/or contentions as waived or forfeited. (*Lonely Maiden Productions, LLC v. GoldenTree Asset Management, LP* (2011) 201 Cal.App.4th 368, 384; *Alki Partners, LP v. DB Fund Services,*

6

*LLC* (2016) 4 Cal.App.5th 574, 589.) "We look askance at this practice of stating what purports to be facts—and not unimportant facts—without support in the record. This is a violation of the rules . . . with the consequence that such assertions will, at a minimum, be disregarded. [Citation.]" (*Liberty National Enterprises, LP v. Chicago Title Ins. Co.* (2011) 194 Cal.App.4th 839, 846.)

Giovanni's opening brief is devoid of *any* citation to the record. His opening brief contains four and one-half pages of what he refers to as "statement of case arguments" and it is the only part of his brief where he includes any factual history. However, it is written in the formatting style of a declaration (i.e., "I, Giovanni Ben Bolla, born on July 23, 1948, filed for divorce . . . ."), with no citations to the clerk's transcript. Giovanni did not provide any background about the incidents of past abuse that are the bases for the original DVRO, nor did he provide adequate information about the incidents Brenda relied on in requesting a five-year renewal of the DVRO. His somewhat unintelligible brief, which appears to include cut-and-paste pleadings from the trial court record, includes arguments that do not make sense without relevant factual history to enable us to understand the context.

Giovanni is obligated to support his arguments on appeal by adequately raising and briefing them with citations to the record and supporting authority (*Mark Tanner Construction, Inc. v. HUB Internat. Ins. Services, Inc.* (2014) 224 Cal.App.4th 574, 583); he failed to do so in his opening brief. For that reason alone, we have authority to affirm the lower court's order.

7

II.    Giovanni failed to provide an adequate record demonstrating error by the trial court.

Even if Giovanni's brief contained citations to the record, those citations are only as useful as the record to which they refer, and here, the record provided by Giovanni is inadequate to begin with.

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) " 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  To overcome this presumption, an appellant must provide a record that allows for meaningful review of the challenged order.  (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)  Failure to provide an adequate record requires that the issue be resolved against the appellant.  (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295; see *Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362.)

At a minimum, the record on appeal is missing the following key materials:  Brenda's request to renew the domestic violence restraining order (the operative motion), the original request for domestic violence restraining order, responsive pleadings filed by Giovanni in opposition, and the two supplemental briefs filed by Brenda on the First Amendment issue.  Giovanni also failed to provide a reporter's transcript of the hearings of June 11 and July 20, 2018, on the underlying request for renewal, as well as a reporter's transcript of the

8

hearings on the original DVRO request on March 22 and May 10, 2017.

Without providing us with the moving pleadings from the initial DVRO request and all evidence submitted (including testimony elicited during the hearings of March 22 and May 10, 2017), we are left in the dark as to what incidents took place that lead the court to issue the initial DVRO against Giovanni for a one-year period.

Similarly, as already noted, Giovanni did not include as part of the clerk's transcript on appeal pleadings, declarations, or exhibits filed by Brenda in connection with the renewal of the DVRO.  The court held two hearings in connection with the renewal request, on June 11 and July 10, 2018; without the transcripts to these proceedings, we do not have a record of the testimony (if any) of the parties and witnesses, the arguments presented, and findings made by the court.  This precludes us from effectively reviewing the court's order to determine whether there was an abuse of discretion.

In the absence of cogent arguments based on specific record citations and without the missing relevant documentation, pleadings, and exhibits from the underlying trial court case, we must presume the trial court's order is correct.  In light of these egregious violations of basic appellate norms, we affirm the judgement without discussing the merits.

## DISPOSITION

The order is affirmed.  Respondent Brenda Bolla is to recover her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, J.


We concur:



BIGELOW, P. J.



WILEY, J.