Filed 7/20/23  Marriage of Adler CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of MARK J. ADLER and YANINA ADLER. | |
| _____ | D080116 |
| MARK J. ADLER, | (Super. Ct. No. DN181729) |
| Respondent. | |
| v. | |
| YANINA ODIN, | |
| Appellant, | |

APPEAL from a judgment of the Superior Court of San Diego County, Patti Ratekin, Commissioner.  Affirmed.

Yanina Odin, in pro per., for Appellant.

Higgs Fletcher & Mack, John Morris, Steven M. Brunoli, and Rachel M. Garrard for Respondent.

In this dissolution action, the trial court found the premarital agreement (PMA) signed by Yanina Adler and Mark Adler (together, the parties) was enforceable.  Yanina appealed from the subsequent bench trial on reserved issues arguing that the trial court erred in determining her

claims for: (1) reimbursement of income tax payments; (2) recalculation of the benefits paid at the termination of a defined benefit pension plan that the parties created for themselves; and (3) reimbursement of the salary she earned at the parties' corporation. We concluded the trial court committed a legal error by requiring nontaxable transfers of money between spouses be treated as taxable income in determining whether either party was entitled to reimbursement of income tax payments but otherwise rejected Yanina's arguments. (*Adler v. Superior Court of San Diego County* (Apr. 8, 2021, D075033) [nonpub. opn.] (*Adler I*).)[1] We remanded the matter to the trial court for further proceedings on the income tax issue.

Yanina represented herself on the remanded issue. The trial court concluded that Yanina had not met her burden of proof and filed a new judgment rejecting this final aspect of her original claim. This appeal followed. Yanina, who continues to represent herself, asserts the trial court

---

[1] On our own motion, we take judicial notice of the record in the prior appeal, *Adler I, supra*, D075033. (Evid. Code, §§ 459, subd. (a), 452, subd. (d)(1).)

erred in resolving the income tax issue. We reject her arguments and affirm.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Background*[3]

Among other things, the parties disputed the meaning of paragraph 14 in their PMA which addressed income tax returns. The trial court found paragraph 14 to be ambiguous and provided a mechanism to resolve the income tax issue. In *Alder I*, Yanina argued the trial court committed legal error by requiring reimbursed funds be treated as "community property income" to then be reported on the

---

[2] Mark notes that Yanina is a vexatious litigant subject to a pre-filing order but did not attach to her opening brief a VL-100 form under Code of Civil Procedure section 391, subdivision (a), or obtain permission from the presiding justice to permit her to maintain this appeal in pro per. He also complains that: (1) the opening brief fails to cite to the record and addresses facts and arguments resolved in *Adler I*; and (2) Yanina did not include in the record all necessary documents (Cal. Rules of Court, rule 8.252). He urges us to overlook these deficiencies and resolve this appeal on its merits. Mark also lists substantive defects in Yanina's opening brief, including the failure to use a separate heading or subheading for each point, not supporting issues raised with legal argument or citation to authority, and misrepresenting or omitting relevant facts.

On May 4, 2022, we issued an order granting Yanina permission to appeal. (Code Civ. Proc., § 391.7, subd. (b).) We exercise our discretion to disregard the deficiencies in Yanina's opening brief and those arguments that go beyond the narrow issue presented in this appeal. (Cal. Rules of Court, rule 8.204(e)(2)(C) [a reviewing court may "[d]isregard the noncompliance" of a filed brief].)

[3] The parties are aware of the factual and procedural background of this case summarized in *Adler I*, which is included in the record. Accordingly, we present an abbreviated background leading to the proceedings on remand at issue in this appeal.

parties' separate property returns because it created taxable income where none existed. We concluded that reimbursed taxes did not qualify as taxable income and the trial court committed a legal error by requiring nontaxable transfers of money between spouses be treated as taxable income. We also concluded that "[t]he only issue before the court was whether one of [the parties] paid too much [income tax] (according to the provisions of the PMA) and was, therefore, entitled to reimbursement." We vacated a portion of the trial court's orders and remanded the matter "to the trial court for further proceedings on the income tax issue."

2. *Pre-trial Proceedings on Remand*

In August 2021, the trial court held a hearing at which Mark appeared through counsel and Yanina appeared in propria persona to address the remanded issue. The court informed the parties, "The appellate court told me what I need. I need those tax returns done." It ordered the parties to have their tax returns completed so it could resolve this remaining issue and trailed the matter to September 21.

In September, Mark filed a trial brief informing the court that the hearing on the remanded issue should take less than one hour because the necessary data to resolve the issue pursuant to the Internal Revenue Code did not exist. At the hearing on September 21, the court stated the tax issue was overturned on appeal based on Yanina's failure to provide evidence to decide the issue.

3. *Trial on Remand and the Court's Ruling*

Trial proceeded on December 21, with Yanina again appearing in propria persona. The court stated that it received no pleadings except for a late filed lodgment from Yanina. During opening statements,

4

Mark's counsel asserted there should be no reimbursement to either party. The court swore in Yanina to allow her to argue and testify regarding the tax issue. The court did not allow her to address how the tax calculations were made because she did not have any "personal knowledge," was "not an expert," and "can't testify about [that]."

Yanina disagreed with Mark's contention that tax returns and the data necessary to effect accurate disposition of any tax liability pursuant to the Internal Revenue Code did not exist. She claimed this contention was false and that her tax overpayment could be calculated "directly from my W-2, filed 1040 schedule E, and available to all tax table IRS tax tables for 2001 to 2015 – 14." When Yanina again insisted that the filed tax data existed, the court interrupted, noting: "One of the things that's been a constant problem in this case, ma'am, is the burden of proof issue is your idea for a burden of proof is everything is his responsibility to do. You have a burden of proof. You have a claim. You have a burden of proof. You have an obligation to produce the evidence to support your claim. [Mark's counsel] is arguing that everything that you provided is either hearsay or it is an expert that's not here to testify, and he is right." After hearing additional argument by Yanina and reply by Mark's counsel, the court found it did not have the information to comply with paragraph 14 of the PMA.

In its final judgment, the court stated it received no evidence to decide what each party's separate tax liability would have been under paragraph 14 of the PMA and to determine this issue it needed separate tax returns for each party prepared by a tax expert. Because the court lacked this information, it exercised the severability clause

5

contained in the PMA to remove paragraph 14 from the PMA as void based on the lack of evidence. Yanina timely appealed.

DISCUSSION

I. *Legal Principles*

Although Yanina is representing herself on appeal, she "is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys." (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.) Thus, she is bound to follow the most fundamental rule of appellate review "that the judgment or order challenged on appeal is presumed to be correct, and it is the appellant's burden to affirmatively demonstrate error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) To demonstrate error, an appellant "must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) A reviewing court will not search the record to ascertain whether it supports the appellant's arguments, nor will it make the appellant's arguments for them. (*Inyo Citizens for Better Planning v. Inyo County Bd. of Supervisors* (2009) 180 Cal.App.4th 1, 14.)

Where, as here, "the trier of fact has determined that the party with the burden of proof did not carry its burden and that party appeals, 'it is misleading to characterize the failure-of-proof issue as whether substantial evidence supports the judgment.' [Citations.] Instead, 'where the issue on appeal turns on a failure of proof at trial, the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law.'

[Citation.] Specifically, we ask 'whether the appellant's evidence was (1) "uncontradicted and unimpeached" and (2) "of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding." ' " (*St. Mary & St. John Coptic Orthodox Church v. SBC Ins. Services, Inc.* (2020) 57 Cal.App.5th 817, 828–829.)

## II. *Analysis*

Yanina contends the trial court erred when it deleted paragraph 14 from the PMA and this error deprived her the ability to obtain reimbursement from Mark on income taxes she overpaid. She asserts Mark's counsel filed declarations falsely stating tax records from 2001 to 2014 during the parties' marriage are not available. Yanina claims she provided the trial court with "court-certified Lindsay & Brownell LLP accounting calculations" prepared as if she had filed separately during the marriage as required by paragraph 14 of the PMA. She asserts the tax documents needed to calculate her tax overpayment are available, referencing her opening brief in *Adler I*. Finally, she claims her "W2s, Sch. E and IRA Tax Tables" are sufficient to satisfy our directive in *Adler I* and calculate her tax overpayment.

First, Yanina submits Lindsay & Brownell LLP prepared calculations showing her separate tax liability as required by paragraph 14. The trial court rejected this evidence as inadmissible hearsay.[4] Yanina has not challenged this evidentiary ruling on appeal and has forfeited any claim that we should consider this evidence.

---

4    Inadmissible hearsay evidence is "evidence of a statement that was made other than by a witness while testifying at the hearing . . . that is offered to prove the truth of the matter stated." (Evid. Code, § 1200.)

7

(*Behr v. Redmond* (2011) 193 Cal.App.4th 517, 538 [failure to brief issue "constitutes a waiver or abandonment of the issue on appeal"].)

She next asserts the tax documents needed to calculate her tax overpayment are available, referencing pages 44 and 45 of her opening brief in *Adler I*. At these pages, Yanina's appellate attorney represented in a footnote that Yanina obtained from Mark the parties' joint tax returns for 2001-2008 and 2013 and "both parties now have all relevant returns. . . ." Assuming the veracity of this statement, Yanina does not explain why these records were not submitted to the trial court or how these joint returns will enable her to calculate her separate tax liability. Finally, Yanina claims her "W2s, Sch. E and IRA Tax Tables" are sufficient to satisfy our directive in *Adler I* and calculate her tax overpayment. However, as the trial court explained, Yanina needed to provide these source documents to a tax expert to produce a separate tax return and this was never done.

Based on the lack of evidence, the trial court was unable to make an order complying with paragraph 14 of the PMA. Accordingly, the trial court did not err when it severed this paragraph from the PMA as void through the severability clause contained in the PMA. Because Yanina has failed to meet her burden of showing the trial court erred, we affirm the January 6, 2022, judgment rejecting her tax reimbursement claim.

DISPOSITION

The January 6, 2022, judgment rejecting appellant's tax reimbursement claim is affirmed.  Respondent is entitled to his costs on appeal.


O'ROURKE, J.

WE CONCUR:


HUFFMAN, Acting P.J.


IRION, J.