Filed 12/1/25 Kingdom of Sweden v. Soliman CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| KINGDOM OF SWEDEN,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SAMANTHA ASHHADI SOLIMAN,<br><br>    Defendant and Appellant. | 2d Civ. No. B339545<br>(Super. Ct. No. 56-2022-00567870-CU-CL-VTA)<br>(Ventura County) |

This appeal arises from a cause of action for breach of contract due to failure to pay student loans. Appellant Samantha Ashhadi Soliman appeals the trial court's order granting respondent Kingdom of Sweden's Motion for summary judgment and entering judgment against appellant in the U.S. dollar equivalent of 885,005 Swedish Crowns. We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The Swedish Board of Student Finance (CSN) is a governmental agency of Sweden handling Sweden's government-sponsored student loans. The funds CSN uses for student loans come from Sweden's National Debt Office, and the student loans

repaid by borrowers is sent by CSN to Sweden's National Debt Office. When student loans are not repaid, Sweden sustains the loss, not CSN.

Beginning in December 1998, appellant submitted written "Applications for Study Aid" and documents titled "Debt Obligation/Affirmation," to CSN promising to repay all student loans according to current repayment rules promulgated by CSN. In response, CSN submitted documents to appellant titled "Decision", in which CSN accepted her applications.

CSN made several loan disbursements to appellant in the aggregate amount of 589,303 Swedish Crowns. Appellant made no repayments on her student loans.

Sweden filed a First Amended Complaint (FAC) alleging breach of contract and damages in the amount of 885,005 Swedish Crowns, the U.S. dollar equivalent of $87,278.59. Sweden moved for summary judgment (MSJ) contending it had standing to pursue the action and there were no triable issues of material fact. Appellant filed an opposition to Sweden's MSJ, challenging Sweden's standing, contending there were triable issues of material fact, and asserting the claim was barred by the statute of limitations.

After argument, the court entered a detailed 14-page minute order granting Sweden's MSJ and entering judgment in Sweden's favor and against appellant. The trial court found there were no triable issues of fact as to Sweden's standing or the elements of Sweden's cause of action for breach of contract, and appellant had failed to demonstrate a triable issue of fact as to her affirmative defenses based on the statute of limitations, whether under Swedish or California law.

The trial court entered Judgment in favor of Sweden and against appellant for the sum of $84,057.95, the U.S. dollar

equivalent of 885,005 Swedish Crowns as of June 14, 2024, and for post-judgment interest on the forgoing sum at the legal rate.

DISCUSSION

*Appellant's Briefs Violate Rules of Appellate Procedure*

"Failure to comply with time-honored rules of appellate procedure may result in forfeiture of the issues on appeal." (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 618.) Appellant's opening brief violates several rules of appellate procedure. Many of the cases she cites do not support the propositions for which they are cited, and do not address the issues she cites them for. For example, she cites *Southern Cal. Gas Co. v. Public Utilities Com.* (1990) 50 Cal.3d 31, 55 saying it held "that courts must evaluate standing based on objective evidence, not conclusory statements." Yet that case does not discuss standing at all. As support for her contention that "A court cannot presume standing or allow a party to establish standing solely through its own conclusory declarations" she cites *Patterson v. Superior Court* (2021) 70 Cal.App.5th 473 disapproved of by *Ramirez v. Charter Communications, Inc.* (2024) 16 Cal.5th 478, a case that does not mention standing. She also does not inform us that *Patterson* was disapproved by *Ramirez.*

Appellant includes alleged quotes from cases that do not contain the quoted language. For example, she misrepresents that *Apartment Assn. of Los Angeles County, Inc. v. City of Los Angeles* (2006) 136 Cal.App.4th 119 contains the quote "Standing is a jurisdictional issue that must be addressed before the merits of a case may be reached." She falsely represents that *Angelucci v. Century Supper Club* (2007) 41 Cal.4th 160, contains the quote "A plaintiff must have a real, present interest in the outcome – not just a theoretical or governmental interest in enforcing its laws."

3

She also incorrectly cites statutes, for example claiming Code of Civil Procedure section 437c, subdivision (f)(2) bars a court from "granting summary judgment while a counter-motion is still pending and involves unresolved material factual disputes."[1]  Her reply brief is similarly flawed.  For example, she cites nonexistent Code of Civil Procedure section 2330 stating it requires that "an agency relationship must be established through admissible evidence of actual authority, such as an express assignment or written delegation."

"Simply stated, no brief, pleading, motion, or any other paper filed in any court should contain any citations—whether provided by generative AI or any other source—that the attorney responsible for submitting the pleading has not personally read and verified."  (*Noland v. Land of the Free, L.P.* (2025) 114 Cal.App.5th 426, 431, italics omitted.)  Appellant's status as a pro per litigant does not entitle her to special consideration.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)  A party acting as their own attorney is "entitled to the same, but no greater consideration than other litigants and attorneys."  (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.)  Appellant's "extensive reliance on nonexistent legal

---

[1] Code of Civil Procedure section 437c, subdivision (f)(2) states:  "A motion for summary adjudication may be made by itself or as an alternative to a motion for summary judgment and shall proceed in all procedural respects as a motion for summary judgment.  A party shall not move for summary judgment based on issues asserted in a prior motion for summary adjudication and denied by the court unless that party establishes, to the satisfaction of the court, newly discovered facts or circumstances or a change of law supporting the issues reasserted in the summary judgment motion."

authority would justify striking [her] opening brief or dismissing the appeal.  (*Noland* at p. 426.)  However, "[o]nce the record has been reviewed thoroughly, little appears to be gained by dismissing the appeal rather than deciding it on its merits." (*People v. Wende* (1979) 25 Cal.3d 436, 443.)  We conclude this appeal is without merit.

*The Trial Court Properly Granted Sweden's MSJ*

We "determine de novo whether an issue of material fact exists and whether the moving party was entitled to summary judgment as a matter of law."  (*Jones v. Awad* (2019) 39 Cal.App.5th 1200, 1206.)  Applying "the same three-step analysis as the trial court [we] (1) identify the issues framed by the pleadings, (2) determine whether the moving party has established facts justifying judgment in its favor, and (3) determine whether the nonmoving party has demonstrated a triable issue of material fact."  (*Id.* at pp. 1206-1207.)  We "'view the evidence in a light favorable to . . . the losing party.'"  (*Id.* at p. 1207.)

Sweden's FAC contains a single cause of action for breach of contract based on allegations appellant breached her student loan contract by failing to repay her student loans.  Sweden's MSJ asserts entitlement to summary judgment on the grounds it had standing to assert the claim and there were no triable issues of material fact as to any elements of the claim.

Sweden's Separate Statement of Undisputed Material Facts establishes facts justifying judgment in its favor.  Sweden established standing by citing supporting evidence for the propositions that (1) CSN is an agency of the Swedish government and handles all matters related to student loans on behalf of Sweden, (2) the funds used to make student loans come from Sweden and the money repaid by students on the loans is

sent by CSN to Sweden, and (3) when student loans are not repaid and result in a loss, the loss is sustained by Sweden, not CSN. These facts establish CSN enters student loan contracts as an agent on behalf of Sweden, only Sweden issues funds for student loans, and only Sweden suffers a loss when student loans are not repaid. (Civil Code § 2330; *Wood Bldg. Corp. v. Griffitts* (1958) 164 Cal.App.2d 559, 565.)

Sweden satisfied its initial burden of demonstrating no triable issue of material fact as to any elements of its breach of contract claim by setting forth material facts in its Separate Statement and citing evidence supporting (1) the existence of a contract, (2) Sweden's performance of the contract, (3) appellant's breach, and (4) Sweden's resulting damages. (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 821.)

In contrast, appellant failed to demonstrate any triable issues of material fact related to Sweden's standing or its breach of contract claim. Instead of stating facts or citing admissible evidence to demonstrate a triable issue of material fact, she relied on her own allegations and denials and a hearsay report from CSN. (Code Civ. Proc., § 437c, subd. (p)(1) [a defendant "shall not rely upon the allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists"].)[2] As an example, appellant's declaration opposing

_____

[2] To support her claim Sweden lacks standing, appellant filed a request for judicial notice of two letters purportedly written by the Swedish Ministry of Education and Research (Exhibits (A) and (B)). We agree with the points raised in Sweden's opposition that the letters are not properly subject to judicial notice under Evidence Code section 452, subdivisions (c), (f), (h), Evidence Code section 459, subdivision (a), and rule 8.252

the motion for summary judgment stated respondent lacked standing "to sue on behalf of CSN. CSN operates independently and is not merely an extension of the Swedish government's functions. CSN has its own staff, procedures, rules, laws and regulations it follows, independent with its own mandate and organizational structure. This is supported by recent case law . . . ." The trial court properly sustained respondent's objection to this conclusory statement of opinion. The trial court also correctly noted even if this were true it did not establish any facts to support appellant's contention that CSN could not be acting as respondent's agent.

*The Trial Court's Choice-of-Law Analysis Was Proper*

Appellant contends the trial court improperly applied Sweden's statute of limitations without conducting an independent interest-balancing test. We disagree.

When a choice of law question is raised in California, the trial court first "'determines whether the relevant law of each of the potentially affected jurisdictions . . . is the same or different. Second, if there is a difference, the court examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists. Third, if the court finds . . . a true conflict, it carefully evaluates and compares the nature and strength of the interest of each jurisdiction in the application of its own law "to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state"

---

of the California Rules of Court. Accordingly, we deny appellant's request for judicial notice of Exhibits (A) and (B). In any event, nothing in these exhibits indicates Sweden lacks the power to institute legal actions on behalf of its agencies, even where those legal actions are brought in foreign nations.

[citation], and then ultimately applies "the law of the state whose interest would be more impaired if its law were not applied."'" (*McCann v. Foster Wheeler LLC* (2010) 48 Cal.4th 68, 87-88.)

First, the trial court found Sweden's 25-year statute of limitations very different from California's four-year statute of limitations.[3]

Second, it examined each jurisdiction's interest in the application of its own laws. It considered persuasive analysis from an unpublished, but factually similar District Court opinion, *Kingdom of Sweden v. Nowacki* (S.D. Cal., Aug. 28, 2015, No. 14-CV-1259-H-NLS) [2015 U.S. Dist. Lexis 120740]. Appellant takes issue with the court relying upon the analysis of the same issue in an unpublished District Court case. *Nowacki* is citable as persuasive (not precedential) authority, notwithstanding California Rules of Court, rule 977, which only bars citation of unpublished California opinions. (*City of Hawthorne ex rel. Wohlner v. H&C Disposal Co.* (2003) 109 Cal.App.4th 1668, 1678, fn. 5; Cal. Style Manual (4th ed. 2000) § 1:34 pp. 35-36.) Moreover, the court did not cite the case as binding authority but merely agreed with its analysis of the same issue and adopted that analysis as its own.

Third, the court evaluated which jurisdiction's interest would be more impaired by application of the other jurisdiction's

---

[3] To support Sweden's position its claim is not barred by its statute of limitations, Sweden filed a request for judicial notice in the trial court on September 14, 2022, which was granted in part on June 24, 2024. On May 9, 2025, Sweden requested this court judicially notice three of the statutory, regulatory, and decisional laws judicially noticed by the trial court. We conclude the foreign law/authorities are judicially noticeable pursuant to Evidence Code, section 452, subdivision (f) and we grant this unopposed request.

laws.  It found Sweden's interest in applying its 25-year statute of limitations to student loan collection actions was stronger and more specific than California's general interest in protecting residents against stale claims.  Many Swedish student loan borrowers who move abroad seek to avoid paying their loans and Sweden's long statute of limitations affords enough time to locate and contact delinquent borrowers residing abroad, work with them to come up with repayment plans, and when necessary, pursue claims against them.  On this basis, the court correctly found Sweden's interest would be more impaired if its policy were subordinated by California's and properly applied Sweden's statute of limitations.

We have considered appellant's remaining claims and conclude each is lacking relevant or accurate legal authority, cogent legal argument, and is without merit.

DISPOSITION

Judgment is affirmed.  Respondent shall recover their costs on appeal.

<u>NOT TO BE PUBLISHED.</u>


CODY, J.

We concur:


YEGAN, Acting P. J.          BALTODANO, J.

9

Rebecca Riley, Judge
Superior Court County of Ventura

_____

Samantha Ashhadi Soliman, in pro per, for Defendant and Appellant.

Law Offices of Ernest Mooney, W. Earnest Mooney, for Plaintiff and Respondent.